**Jose Pagan CAMPINO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 951, Docket 91–2483.**

United States Court of Appeals,
Second Circuit.

On Submission Feb. 27, 1992.

Decided June 22, 1992.

Jose Pagan Campino, petitioner-appellant, pro se.

Beryl A. Howell, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., E.D. New York, Matthew E. Fishbein, Asst. U.S. Atty., of counsel), for respondent-appellee.

Before: LUMBARD, NEWMAN, and WINTER, Circuit Judges.

LUMBARD, Circuit Judge:

Jose Pagan Campino appeals from an order of the District Court for the Eastern District of New York, Sifton, *Judge*, entered August 7, 1991, denying his petition to set aside his judgment of conviction pursuant to 28 U.S.C. § 2255. Campino and his co-defendant Oscar Ruiz were convicted on April 1, 1988, of conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. Campino was also convicted of being an illegal alien in possession of a handgun, in violation of 18 U.S.C. § 922(g)(5). We affirmed Campino's conviction on November 27, 1989. *United States v. Campino*, 890 F.2d 588 (2d Cir. 1989), *cert. denied*, 494 U.S. 1068, 110 S.Ct. 1787, 108 L.Ed.2d 788 (1990), and *cert. denied*, —— U.S. ——, 111 S.Ct. 179, 112 L.Ed.2d 143 (1990). On November 30, 1990, Campino petitioned the district court, under 28 U.S.C. § 2255, to set aside his conviction on the ground that the district court improperly allowed the introduction of illegally seized evidence. This appeal followed denial of the petition. We affirm the order of the district court to the extent it denied the requested relief.

On December 7, 1987, Special Agent William Dolinsky of the Drug Enforcement Administration obtained a warrant to search for a suspected narcotics stash at 121–16 Keel Court, in Queens. He arrived at the premises between 2:45 and 3:00 p.m., and joined other agents who had been watching the area. At 3:10 p.m. the agents observed Campino, Ruiz, a woman, and a child leave the premises and enter two different cars. Agent Dolinsky pulled his car nose-to-nose with Ruiz's car, while other agents moved their vehicles to block Campino's car. When Ruiz began motioning to the floor with his hands, concealing them from view, Dolinsky drew his gun and ordered Ruiz out of the car with his hands up. The agents told Ruiz and Campino that they had a warrant to search the house, and requested them to accompany the officers indoors.

Before entering the house, the agents conducted a pat down search of Campino, Ruiz, and the woman, and found identical beepers on all of them. Campino informed the agents that his name was Ruben Campino, the woman was his wife, Ruiz was his brother-in-law, and they all lived in the house.

Inside the house agents found $93,000 in cash, a loaded .32 caliber revolver, three notebooks containing records of narcotics transactions involving over $716,500, mobile telephones, bug detectors, a counterfeit money detector, and sophisticated electronic surveillance equipment. The offi-

cers advised Campino and Ruiz of their rights, and began to question them. Campino stated that he was an illegal alien, but denied that the money belonged to him. Campino and Ruiz were placed under arrest and searched. Campino was carrying a driver's license under the name "Pagan" and two small address books in Ruiz's handwriting containing many of the names listed in the notebooks.

Campino moved to suppress his beeper and the statements he made to the police, arguing that they were the fruit of an illegal seizure. Judge Sifton denied the motion on March 23, 1988, finding that the evidence was obtained through a permissible *Terry*-type detention, and that no arrest occurred until after the search of the premises. A jury convicted Campino on April 1, 1988. He was sentenced to 125 months imprisonment on the narcotics conviction, with a concurrent 12 month term for the firearms offense, followed by 3 years supervised release. He was fined $98,000 and assessed a mandatory fee of $100.

Campino, represented by counsel, appealed his conviction, arguing that the district court erred in permitting the introduction of expert testimony, that there was insufficient evidence to support the conviction, that the district court improperly denied a pre-trial *Franks* hearing, and that the judge improperly assumed the role of prosecutor during the suppression hearing. Campino made no claim that the judge erred in denying the suppression motion. We affirmed the conviction on November 22, 1989. *United States v. Campino*, 890 F.2d at 588. On November 30, 1990, Campino filed a § 2255 petition, asking that his conviction be set aside on the ground that the evidence obtained from his detention was the fruit of an illegal seizure and should have been suppressed at trial. Judge Sifton denied the petition on August 5, 1991, finding that the search and seizure was not illegal. Campino now appeals.

 It is now well settled that habeas petitions brought by state prisoners under § 2254 will be dismissed unless the petitioner has shown cause for failing to raise his claim at the appropriate time and prejudice from the alleged error. We see no reason why the petition of a federal prisoner should be treated differently. As Campino has shown no cause for failing to raise his claim on direct appeal nor any prejudice therefrom, his petition should have been dismissed. In so holding, we expressly abandon the "deliberate by-pass" test for determining when a federal defendant has waived a claim under § 2255 by failing to raise it on direct review.[1]

In *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Supreme Court articulated the "deliberate by-pass" test to determine whether or not a defendant's failure to raise a claim on direct appeal precluded consideration of that claim in a subsequent habeas petition. The Court held that a state prisoner could raise a claim in a § 2254 proceeding even though that claim was not raised on direct appeal, unless failure to raise the claim earlier was a "deliberate by-pass" of normal state procedures. In *Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), the Court extended the "deliberate by-pass" doctrine to federal prisoners seeking relief under § 2255.

In recent cases, however, the Supreme Court has moved toward a "cause and prejudice" standard in habeas petitions, requiring the defendant to establish both cause for an earlier default and actual prejudice from the errors challenged. *See, e.g., Keeney v. Tamayo–Reyes*, — U.S. —, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992) (applying cause and prejudice standard to habeas petitioner's failure to develop material facts in state court proceedings); *Coleman v. Thompson*, — U.S. —, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (applying cause and prejudice standard where state prisoner failed to appeal to state court due to procedural default); *McCleskey v. Zant*, — U.S. —, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (applying cause and prejudice standard for

---

**1.** This opinion was circulated among all the active and senior members of this court, none of whom has requested a rehearing en banc.

abuse of writ by state prisoners with constitutional claims); *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) (applying cause and prejudice standard for procedural defaults of constitutional claims by a state prisoner); *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) (reviewing procedural default under the cause and prejudice test in a § 2255 motion raising non-constitutional issues).

Campino's petition presents a situation not yet addressed by the Court: whether the deliberate by-pass test remains appropriate in cases involving federal prisoners presenting constitutional claims not raised on direct appeal. We have reserved decision on precisely this issue, *see Brennan v. United States*, 867 F.2d 111, 117 n. 1 (2d Cir.), *cert. denied*, 490 U.S. 1022, 109 S.Ct. 1750, 104 L.Ed.2d 187 (1989). The Seventh Circuit has adopted the cause and prejudice test in such cases. *See Norris v. United States*, 687 F.2d 899 (7th Cir.1982).

▇▇▇ It is generally accepted that a procedural default of even a constitutional issue will bar review under § 2255, unless the defendant can meet the "cause and prejudice" test. *See Fiumara v. United States*, 727 F.2d 209 (2d Cir.), *cert. denied*, 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 540 (1984) (finding, *inter alia*, that failure to move to suppress evidence prior to trial as required by Fed.R.Crim.P. 12(f) constituted a procedural bar to a § 2255 motion unless defendant could show cause and prejudice); *Indiviglio v. United States*, 612 F.2d 624 (2d Cir.1979), *cert. denied*, 445 U.S. 933, 100 S.Ct. 1326, 63 L.Ed.2d 768 (1980); *Foreman v. United States*, 1991 WL 8406, 1991 U.S. Dist. LEXIS 754 (S.D.N.Y., January 25, 1991); *Fernandez v. United States*, 553 F.Supp. 260 (S.D.N.Y.1982). Thus, failure to move to suppress evidence prior to trial, as required by Fed.R.Crim.P. 12(f), bars a defendant from raising his claim on collateral review under § 2255.

▇▇▇ We have further suggested, though never explicitly held, that failure to raise a constitutional issue on appeal is itself a procedural default, thereby implicating the cause and prejudice test. In *Fiumara*, for example, we found that

"there not only was no pretrial motion to suppress the New Jersey tapes . . . , there was no objection at trial or on appeal. This is a classic case for applying *United States v. Frady*, 456 U.S. 152, 168 [102 S.Ct. 1584, 1594, 71 L.Ed.2d 816] (1982), that a federal defendant seeking collateral relief *despite procedural defaults—in this case three of them*—must demonstrate 'cause' excusing his defaults and 'actual prejudice' resulting therefrom."

727 F.2d at 213 (emphasis added). *See also Frady*, 456 U.S. at 168, 102 S.Ct. at 1594 (discussing "double procedural default" of defendant who failed to object to trial errors either at trial or on appeal). We now hold that failure to raise a claim on direct appeal is itself a default of normal appellate procedure, which a defendant can overcome only by showing cause and prejudice.

This holding is consistent with *Forman v. Smith*, 633 F.2d 634 (2d Cir.1980), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981), where we applied the cause and prejudice test to the habeas petition of a state prisoner presenting claims not raised on direct review. In *Forman* we considered four factors identified by the Supreme Court as relevant in state prisoner cases in determining the appropriate conditions for collateral review of a conviction: comity, finality, accuracy, and trial integrity. Though considerations of comity are not relevant in the present context, the remaining three concerns, finality, accuracy and the integrity of prior proceedings, as well as concerns of judicial economy, weigh in favor of applying the cause and prejudice standard. As the Court recently noted, collateral review of convictions "places a heavy burden on scarce judicial resources, may give litigants incentives to withhold claims for manipulative purposes, and may create disincentives to present claims when evidence is fresh." *Tamayo–Reyes*, —— U.S. at ——, 112 S.Ct. at 1718 (discussing habeas corpus petitions brought by state prisoners). These interests in preserving judicial resources, trial accuracy and the integrity of prior proceedings are

equally of concern in our consideration of collateral review of federal convictions.

Campino has not shown any cause for his failure to raise his fourth amendment claim on direct appeal. Campino knew of the claim at the time of appeal: he objected to admission of the seized evidence both in a pre-trial motion and again at trial. He was represented by counsel at trial and on appeal, and, indeed, he raised other issues concerning the seizure of the evidence. He has shown neither cause for his failure to raise the claim of illegal seizure on direct review, nor prejudice resulting therefrom.

The order of the district court is affirmed to the extent it denied the requested relief.