**Joseph PITRE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 92 Civ. 7446 (JES).**

United States District Court
Southern District of New York.

Oct. 25, 1993.

Joseph Pitre, pro se.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City (Elizabeth Glazer, Asst. U.S. Atty., of counsel), for respondent.

## MEMORANDUM OPINION
## AND ORDER

SPRIZZO, District Judge.

Petitioner *pro se* in the above-captioned action brings this 28 U.S.C. § 2255 petition to set aside his sentence on the grounds that ineffective assistance of counsel at trial violated his Sixth Amendment right to counsel and that the District Court erred by not departing downward in sentencing for his minor role in the conspiracy. Petitioner has also moved to take discovery pursuant to Rule 6 and to expand the record pursuant to Rule 7 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2255. For the reasons that follow, the petition is denied.

## BACKGROUND

The evidence at trial established the following facts. On July 13, 1989, at approximately 9:30 p.m., the Petitioner's brother Richard Pitre arranged with Anan Peter Peechaphand ("Peechaphand"), Trial Tr. 203–04, to purchase 4.9 kilograms of heroin from Wai Yip Lin ("Lin") and Robert Hom, a detective with the New York City Police Department assigned to the United States Drug Enforcement Agency's Southeast Asian Heroin task Force ("Detective Hom"), at or near the area of Allen and Delancey Streets in Manhattan. Trial Tr. 64, 69–70, 199, 201, 336–38.

About ten minutes later, Richard Pitre arrived at the arranged location in a Nissan Pathfinder followed by several other cars, Trial Tr. 337–38, including a Ford Mustang driven by Petitioner Joseph Pitre. Trial Tr. 340–41. Angel Otera ("Otera") and another brother of Petitioner, Edwyn Pitre, were also part of this caravan. Trial Tr. 206–08, 340–41.

After the cars had parked, Peechaphand introduced Richard Pitre to Detective Hom, who testified that Richard Pitre then led him to the Mustang where Joseph Pitre was sitting in the driver's seat. Trial Tr. 75, 209, 340. Detective Hom also testified that, while Joseph Pitre remained in the driver's seat, Richard Pitre opened the door of the car,

reached into the back seat, removed and unzippered a bag, and showed Detective Hom the money inside, saying, "Okay. That's this, and there's another bag." Trial Tr. 75–77, 172, 209, 340–41. Richard Pitre then led Detective Hom to a Suzuki Samurai parked in front of the Mustang. Trial Tr. 76–77. Richard Pitre opened up a large bag of money sitting in the front seat of the Suzuki and said, "[t]hat's the rest of the money." Trial Tr. 77, 340.

After viewing the money in the Samurai, Detective Hom told Lin that he was going to "call the guys in with the stuff." Trial Tr. 79. Using a mobile phone, Detective Hom notified his supervisor, whereupon Lin, Peechaphand, Richard Pitre, Edwyn Pitre, Joseph Pitre, Otero, and Rodriguez were arrested. *Id.* Following Joseph Pitre's arrest, the Government seized a beeper from Joseph Pitre, Trial Tr. 406, and recovered $292,820 from the Mustang.

Indictment 89 Cr. 575 was filed on August 3, 1989 in three counts. Count One, the only count that named the Petitioner and his co-defendants, Richard and Edwyn Pitre and Otera, charged that from May 15, 1989 through July 13, 1989, the defendants, together with Lin, Peechaphand and Rodriguez, who all pled guilty before trial, conspired to distribute and possess with intent to distribute approximately 4.9 kilograms of heroin in violation of 21 U.S.C. § 846. On June 19, 1990, Joseph Pitre and his three co-defendants were convicted of conspiring to possess with intent to distribute 4.9 kilograms of heroin after a six-day jury trial before the Honorable Nicholas Tsoucalas.[1]

On September 20, 1990, Judge Tsoucalas sentenced Edwyn Pitre to 144 months in prison and Joseph Pitre and Angel Otero each to 120 months in prison, each term of imprisonment to be followed by five years of supervised release. Richard Pitre was sentenced on September 24, 1990 to 293 months in prison, also to be followed by five years of supervised release.

Petitioner Joseph Pitre's sentence reflects a three point reduction in his sentencing

---

1. Judge of the United States Court of International Trade, sitting by designation.

guidelines offense level, to which the Government consented at the sentencing hearing so that Joseph Pitre could be sentenced at the statutory minimum of 120 months. *See* 21 U.S.C. § 841(b)(1)(A). Judge Tsoucalas sentenced Joseph Pitre at that statutory minimum and stated for the record that

> [a]s far as this court is concerned, in listening to the trial, and my gut feeling, having tried criminal cases for 23 years, my gut feeling is that you didn't know what was going on and I'm saying this for appeal purposes. Because as a trial judge, I cannot set aside a fact question that was decided by the jury, unless it was wrong as a matter of law and this was not wrong as a matter of law.

> But I do feel that your brothers really pulled a fast one on you.

> And the sentence of this court is the minimum of ten years, which is 120 months.

*See* Petition, annexed Sent. Tr. at 27.

With new appellate counsel, Joseph Pitre appealed his conviction. On direct appeal, Joseph Pitre contended that the evidence was not sufficient to support his conviction and that the District Court had erroneously denied his motion for severance. On March 30, 1992, the Court of Appeals rejected Joseph Pitre's claims, and affirmed Joseph Pitre's conviction, holding that based on the Government's proof,

> "the jury reasonably could infer that Joseph Pitre was aware that he was transporting money to be used to purchase narcotics and acted intentionally and knowingly as a driver in furtherance of the charged narcotics conspiracy."

*United States v. Pitre*, 960 F.2d 1112, 1122 (2d Cir.1992) (citations omitted).

Joseph Pitre, now proceeding *pro se*, has filed a petition pursuant to 28 U.S.C. § 2255. In his petition, he now raises claims of ineffective assistance of counsel at trial and of the district court's failure to depart downward from the mandatory minimum sentence for his minor role in the conspiracy.

## DISCUSSION

Where, as here, a defendant has failed to raise a claim on direct appeal, his claim is barred from collateral review on a § 2255 petition unless he can demonstrate "cause" for the default of normal appellate procedure and actual "prejudice" from the alleged violation on which the claim is based. *See Campino v. United States*, 968 F.2d 187, 189 (2d Cir.1992); *see also United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982). Under the cause and prejudice test, " '[c]ause' . . . must be something *external* to the petitioner, something that cannot be fairly attributed to him," *Coleman v. Thompson*, —— U.S. ——, ——, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991) (emphasis in original), and the "prejudice" must be so substantial that it undermines the integrity of the entire trial. *See Frady*, 456 U.S. at 170, 102 S.Ct. at 1595.

■ All of the facts on which Joseph Pitre bases his claim for a downward departure in his sentence were known to him no later than at the time of sentencing. In fact, at the sentencing hearing, counsel argued vigorously that Joseph Pitre's role in the conspiracy was so minor as to make his conviction erroneous and that the district judge should have set aside the jury verdict as to Joseph Pitre. *See* Petitioner's Motion under 28 U.S.C. § 2255 (the "Petition"), annexed Sent. Tr. at 8–9, 23, and 27. Any meritorious claim for a downward departure in the sentence could have, and should have, been made at that time as well, or at least by the time new counsel brought his appeal.

Similarly, all of the facts on which Joseph Pitre bases his claim of ineffective assistance of trial counsel were known to him no later than at the time of his appeal, at which Pitre was represented by a different lawyer from the one who had represented him at trial. Moreover, his submission, pursuant to his Rule 7 motion to expand the record, of post-appeal letters dated in 1992, which purport to show that trial counsel did not conduct a reasonable pre-trial investigation of the origin of the beeper seized from him upon his arrest does not excuse this procedural default. *See* Petition Exs. 1–2; *see also* Petition at 9–11. The trial court record clearly shows that trial counsel was aware of the

information related in those letters and used that information as the basis for a motion to reopen the case, which the Court denied and which Joseph Pitre could have appealed. *See* Petition, annexed Trial Tr. (June 18, 1990) at 553.

Joseph Pitre's assertion that such claims are "best accomplished under a title 28 U.S.C. 2255 motion," *see* Petition at 4, is simply contrary to law. *See Campino, supra,* 968 F.2d at 190. Having been thus placed in the possession of all of the facts relating to both claims no later than at the time of his appeal, Pitre has not established "cause" and his claims are procedurally barred.

Moreover, even assuming, *arguendo,* that Joseph Pitre had established cause for his procedural default, the petition must still be dismissed as Joseph Pitre has suffered no "prejudice" from the alleged violations on which these claims are based. because the claims themselves lack merit.

■ The standard governing Joseph Pitre's claim of ineffective assistance of counsel is well settled. The defendant must: (1) overcome a strong presumption that his counsel's conduct was reasonable and show that his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms;" and (2) "affirmatively prove prejudice," that is, show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687–94, 104 S.Ct. 2052, 2064–68, 80 L.Ed.2d 674 (1984); *see also United States v. Aguirre,* 912 F.2d 555, 560 (2d Cir.1990); *United States v. Reiter,* 897 F.2d 639, 645 (2d Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 59, 112 L.Ed.2d 34 (1990); *United States v. Bari,* 750 F.2d 1169, 1182 (2d Cir.1984), *cert. denied,* 472 U.S. 1019, 105 S.Ct. 3482, 87 L.Ed.2d 617 (1985).

■ Joseph Pitre's contentions in support of his claim of ineffective assistance of counsel fall short of overcoming the strong presumption that his counsel's conduct was reasonable. As examples of trial counsel's alleged ineffectiveness, Joseph Pitre complains of trial counsel's decisions to argue that, despite his presence at the scene, Pitre was not a participant in the drug transaction and to not put Joseph Pitre himself on the stand, over Joseph Pitre's objection and allegedly because the lawyer had not prepared Pitre for testimony. Affirmation of Joseph Pitre dated August 28, 1992 ("Pitre Aff.") ¶¶ 4–6, 8, and 9. As the Court of Appeals elaborated in *Aguirre,* 912 F.2d at 560, such "strategic choices made after thorough investigation of law and facts relevant to plausible options are *virtually unchallengeable.*" (quoting *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066). *See also United States v. Nersesian,* 824 F.2d 1294, 1321 (2d Cir.), *cert. denied,* 484 U.S. 958, 108 S.Ct. 357, 98 L.Ed.2d 382 (1987); *Cuevas v. Henderson,* 801 F.2d 586, 590 (2d Cir.1986), *cert. denied,* 480 U.S. 908, 107 S.Ct. 1354, 94 L.Ed.2d 524 (1987).

In light of the nature of the Government's proof of Pitre's role as a driver, at best, in the heroin purchasers' "caravan," counsel's "bystander" theory was not an unreasonable strategy. The record clearly shows that trial counsel forcefully pressed this theory in his opening, on his cross-examination of the undercover detective who had stepped into Pitre's Mustang to examine the money, and on summation. In addition, counsel appropriately buttressed this notion that Joseph Pitre was an innocent bystander by calling two character witnesses. Indeed, the trial judge even indicated on the record that, although the jury had convicted, the judge himself had been persuaded that Joseph Pitre was a mere tag-along, duped by his brothers' criminal designs. *See* Petition, annexed Sent. Tr. at 27. Under the recent decision of the Court of Appeals in *United States v. Eisen,* 974 F.2d 246, 265–66 (2d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1840, 123 L.Ed.2d 467 (1993), trial counsel's decision to call particular witnesses or to pursue various defense strategies is precisely the type of tactical decision which is within the professional and "virtually unchallengable" province of trial counsel. It follows that Joseph Pitre's mere disagreement with his counsel's otherwise reasonable strategy does not rise to the standard of proof necessary to sustain a claim of ineffective assistance of counsel.

■ Joseph Pitre's argument that the Court should have departed downward in sentencing because of his alleged "role of an unknowing participant," Petition at 5, also lacks merit because where, as here, the defendant is subject to a mandatory minimum sentence imposed by statute, no such departure is available. A departure from a statutory mandatory minimum, such as the ten year mandatory term imposed on Joseph Pitre, is only permitted for substantial assistance in the investigation or prosecution of another person who has committed an offense, *see* 18 U.S.C. § 3553(e), and not for other reasons such as a defendant's minor role in the underlying conspiracy. Thus, Joseph Pitre's argument that his minor role in the conspiracy is a mitigating circumstance lacks merit. It follows that he was not prejudiced by his trial counsel's failure to raise the argument at the sentencing hearing or by the district court's failure to accord a downward departure on that basis.

Accordingly, because Joseph Pitre has shown neither cause for his failure to raise the petition's claims on direct appeal nor actual prejudice due to the circumstances that gave rise to these claims, his petition must be dismissed. In addition, the Petitioner's motions for discovery and to expand the record, pursuant to Rules 6 and 7, respectively, of the Rule Governing § 2255 Proceedings in the United States District Courts must be denied.

## CONCLUSION

For the reasons stated above, the petition shall be and hereby is dismissed. The Clerk of the Court is directed to close the above-captioned action.

It is **SO ORDERED.**