Euripides BERNAL, Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. 92 Civ. 9488 (JES),
S90 Cr. 467 (JES).

United States District Court,
S.D. New York.

Nov. 30, 1993.

Euripides Bernal, petitioner, pro se.

Mary Jo White, U.S. Atty. for the S.Dist. of New York, New York City, (Elizabeth M. Martinez, Asst. U.S. Atty., of counsel), for respondent.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner in the above-captioned action brings this 28 U.S.C. § 2255 petition to vacate his sentence. For the reasons that follow, the petition is dismissed.

### BACKGROUND

On August 23, 1990, an indictment was filed against Bernal, charging him with participation in a conspiracy to distribute two kilograms of cocaine in violation of 21 U.S.C. § 846. Pursuant to a plea agreement with the government, dated November 30, 1990, Bernal agreed to have his sentence based on his criminal history and his possession of two kilograms of cocaine. In return, the government agreed: (i) to withdraw a prior felony information filed against him, (ii) not to seek a two-level enhancement based on the proximity of the drug crime to a schoolhouse, and (iii) not to seek an upward departure.

The Probation Department determined Bernal's sentence pursuant to the Sentencing Guidelines and the plea agreement. It was determined that Bernal had a base offense level of 28 based on his possession of two kilograms of cocaine. This base offense level was reduced to 26 upon concluding that he was entitled to a two-level reduction for acceptance of responsibility. It was also determined that Bernal had a criminal history category of III, based on his criminal record which included a prior narcotics conviction. Based on the foregoing, the Probation Department determined that Bernal's sentencing range was 78 to 97 months of imprisonment.

At sentencing on March 26, 1991, Bernal did not object to the Presentence Report. This Court sentenced him to 78 months of imprisonment, four years of supervised release, no fine and a $50 special assessment. In bringing this § 2255 petition, Bernal seeks to modify his sentence on three grounds. Although he did not object at the time of sentencing, Bernal now contends that his criminal category should have been II instead of III, and that his offense level was improperly based on a quantity of cocaine

that he was not reasonably capable of producing. In addition, he argues that a recent amendment to the Sentencing Guidelines, applied retroactively, entitles him to an additional one-level adjustment to acceptance of responsibility.

## DISCUSSION

■ Based upon advice from counsel, Bernal did not file a direct appeal challenging his sentence, despite the opportunity to do so. The grounds for this petition, which are not of constitutional dimensions, may now be asserted under limited circumstances. *See, e.g., United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992). Where a defendant, such as Bernal, has defaulted procedurally, review under section 2255 is precluded unless he can demonstrate "cause and prejudice." *See Campino v. United States,* 968 F.2d 187, 190 (2d Cir.1992); *see also United States v. Frady,* 456 U.S. 152, 152–53, 102 S.Ct. 1584, 1584–87, 71 L.Ed.2d 816 (1982). Under the cause and prejudice standard, he must demonstrate "cause for failing to raise his claim at the appropriate time and prejudice from the alleged error." *Campino,* 968 F.2d at 189.

In responding to his failure to appeal, Bernal merely contends that counsel advised him that there were no grounds for an appeal. Other than this assertion, Bernal does not indicate that counsel's performance was unreasonably deficient, as required under *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). While *pro se* applications must be construed liberally and deferentially, *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Onwubiko v. United States,* 969 F.2d 1392, 1397 (2d Cir.1992), this Court concludes that Bernal has neither explicitly, nor implicitly for that matter, alleged ineffective assistance of counsel. Moreover, it should be noted that counsel fully discussed the Presentence Report with him, and its implications, prior to his pleading guilty. In any event, it is unnecessary to determine whether Bernal has shown cause, because he clearly suffered no actual prejudice resulting therefrom.

■ In his petition, Bernal summarily contends that his offense level was improperly based upon a quantity of cocaine that he did not intend to produce, or otherwise was not reasonably capable of producing. The Guidelines, however, direct that the offense level for a violation of 21 U.S.C. 846 be set as if the object of the conspiracy had been completed. In this instance, the object offense is a violation of 21 U.S.C. 841(a), for which offenses involving between 2.0 and 3.5 kilograms of cocaine have a base offense level of 28. Thus, because Bernal pled guilty to a conspiracy to distribute two kilograms of cocaine, his base offense level was correctly determined to be 28.

Moreover, the factual foundation supporting this legal argument appears implausible. Two kilograms of cocaine were seized in connection with the underlying conspiracy in this case. Thus, his first argument is also belied by the facts.

Bernal also contends, based on the nature of his prior offenses, that his criminal category should have been II rather than III. Based upon his criminal history, and the fact that he committed the instant offense while on probation, Bernal's total criminal history point total was set at four. Pursuant to the sentencing table, a criminal history point total of four to six establishes a criminal history category of III. Thus, despite Bernal's meritless arguments, his criminal history category was set correctly.

■ At sentencing, Bernal received a reduction of two offense levels for acceptance of responsibility pursuant to section 3E1.1 of the Sentencing Guidelines. As a result of a November 1, 1992 amendment, however, section 3E1.1 was amended to permit an additional reduction of one level under certain enumerated circumstances. The amended section 3E1.1 now provides, in substance, a downward adjustment for timely disclosure of involvement in a case, or timely notification to the government of an intention to plead guilty. The amended section, however, became effective a year and a half after the imposition of sentence. Therefore in essence, Bernal is requesting the retroactive application of the amended section 3E1.1.

Under 18 U.S.C. § 3582(c)(2), a court may not modify a term of imprisonment unless "such a reduction is consistent with applicable policy statements" issued by the Sentencing Commission. 18 U.S.C. § 3582(c). Moreover, according to the stated policy of the Sentencing Commission, an amendment should not be applied retroactively unless it is "explicitly stated to be retroactive." *United States v. Colon*, 961 F.2d 41, 46 (2d Cir. 1992). Applying the foregoing, the Second Circuit has held that a defendant sentenced prior to November 1, 1992 is not entitled to the benefit of the amended section 3E1.1. *See United States v. Rodriguez*, 989 F.2d 583, 587–88 (2d Cir.1993); *United States v. Caceda*, 990 F.2d 707, 710 (2d Cir), *cert. denied sub nom. Rojas–Holguin v. United States*, —— U.S. ——, 114 S.Ct. 312, 126 L.Ed.2d 259 (1993). Therefore, Bernal is not entitled to the retroactive application of amended section 3E1.1, nor a corresponding reduction for acceptance of responsibility.

For the reasons set forth above, the Clerk of the Court is directed to dismiss the petition and close the above-captioned action.

It is SO ORDERED.