UNITED STATES of America, Appellee,

v.

Thomas TARASCIO, Defendant–Appellant.

No. 803, Docket 93–2316.

United States Court of Appeals, Second Circuit.

Dec. 17, 1993.

Present: FEINBERG, MINER, MAHONEY, Circuit Judges.

ORDER

UPON CONSIDERATION of this appeal from an order of the United States District Court for the District of Connecticut, it is hereby

ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is affirmed.

Defendant-appellant Thomas Tarascio appeals from an April 14, 1993 order of the United States District Court for the District of Connecticut (Cabranes, C.J.) denying his motion made pursuant to 28 U.S.C. § 2255 to vacate his sentence, the district court having found that Tarascio had not shown cause for failing to raise prior to trial his challenge to the composition of the grand jury that indicted him and had failed to show prejudice resulting from the alleged violation of his constitutional rights.

In June of 1989, Tarascio was indicted by a federal grand jury sitting in Hartford, Connecticut on federal narcotics charges. A second superseding indictment was returned on March 28, 1990 charging Tarascio with one count of conspiracy to possess with intent to distribute and to distribute more than five hundred grams of cocaine, in violation of 21 U.S.C. § 846, and with two counts of possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). He was found guilty on all counts and in March of 1991 was sentenced to a prison term of two hundred sixty-four months. His conviction was affirmed by this Court by summary order. No. 91–1205.

In August of 1992, in the unrelated case of *United States v. Colon Osorio*, 801 F.Supp. 966 (D.Conn.1992), Judge Daly granted a motion to dismiss an indictment pending against the defendant Colon because the grand jury that returned the indictment was not selected from a fair cross section of the community, in violation of the Sixth Amendment. Judge Daly found that blacks and Hispanics systematically had been excluded from the Hartford Division Jury Wheel from which Colon's grand jury had been selected. *Id.* at 980.

In January of 1993, relying on the decision in *Colon*, Tarascio filed a motion in the district court to vacate his sentence pursuant to 28 U.S.C. § 2255. The grand jury that indicted Tarascio apparently was chosen from the same jury wheel as Colon's, and Tarascio thus argues that his Sixth Amendment rights also were violated. Tarascio's trial counsel submitted an affidavit in which he stated that he "absolutely believed" that all the judges and clerks of the District Court "meticulously complied" with the district's jury selection plan. For that reason, "it did not occur to [him] to question the composition of either the Grand Jury in this case or the composition of the Wheel from which it was selected." J.A. at 62.

■ Under Fed.R.Crim.P. 12(b)(2), objections based on defects in the indictment must be raised prior to trial or they are waived. A challenge to the racial composition of a grand jury falls within the ambit of Rule 12(b)(2). *See Davis v. United States,* 411 U.S. 233, 241–43, 93 S.Ct. 1577, 1582–83, 36 L.Ed.2d 216 (1973). To be relieved from a waiver, a defendant raising such a challenge for the first time on a section 2255 motion must show cause for failing to raise the challenge prior to trial and actual prejudice resulting from the alleged violation. *See id.; Campino v. United States,* 968 F.2d 187, 190 (2d Cir.1992) (petitioner raising constitutional claim for the first time on a § 2255 motion must show cause and actual prejudice).

■ Here, Tarascio has shown neither cause nor prejudice. The facts regarding any possible infirmity in the grand jury pool from which Tarascio's grand jury was chosen were available to him prior to trial. Tarascio could have evaluated the publicly available information and raised the challenge here prior to his trial, in the same manner as did the defendant in *Colon*. Moreover, Tarascio admits that he cannot demonstrate any prejudice resulting from the exclusion of blacks and Hispanics from the grand jury pool. Thus we find that the district court did not abuse its discretion in refusing to excuse Tarascio's procedural default.