99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Francisco J. ESPINAL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2244.
 United States Court of Appeals, Second Circuit.
 Dec. 22, 1995.
 
 Appeal from the United States District Court for the Southern District of New York.
 FOR APPELLANT: Francisco J. Espinal, pro se, Federal Medical Center, Lexington, Kentucky, on submission.
 FOR APPELLEE: Roman E. Darmer II & Marian W. Payson, Assistant United States Attorneys, Southern District of New York, New York, on submission.
 Before WALKER, JACOBS and PARKER, Circuit Judges.
 LEVAL, Judge.*
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is hereby AFFIRMED.
 
 
 3
 On November 19, 1992, Petitioner-Appellant Francisco J. Espinal pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than one kilogram of cocaine, in violation of 21 U.S.C. § 846. On July 30, 1993, he was sentenced to a five-year mandatory minimum term of imprisonment, a mandatory four-year term of supervised release, and a mandatory $50 special assessment. Petitioner-Appellant did not appeal. Instead, on March 23, 1994, he filed a petition pursuant to 28 U.S.C. § 2255, seeking to vacate his conviction. On February 26, 1995, the petition was denied. Petitioner-Appellant appeals from the order denying the petition.
 
 
 4
 On appeal, Petitioner-Appellant argues that (1) venue was improper in the Southern District of New York and therefore the sentencing court lacked jurisdiction; (2) he received ineffective assistance of counsel because his attorney failed to challenge the jurisdiction of the court; and (3) his attorney coerced him into pleading guilty.
 
 
 5
 As we have noted, "[i]t is generally accepted that a procedural default of even a constitutional issue will bar review under § 2255, unless the defendant can meet the 'cause and prejudice' test." Campino v. United States, 968 F.2d 187, 190 (2d Cir.1992). Applying this standard, we find that Petitioner-Appellant's claims are procedurally barred because Petitioner-Appellant failed to raise his claims on direct appeal. While a claim of ineffective assistance of counsel may, under certain circumstances, provide the requisite "cause" for failure to raise an issue on direct appeal, Billy-Eko v. United States, 8 F.3d 111, 113-16 (2d Cir.1993), Espinal's circumstances are not sufficient to permit Espinal to evade the procedural bar because Espinal was represented at sentencing by different counsel than had represented him at the time he entered his guilty plea. The new counsel made the determination not to file a direct appeal. That counsel could have, but chose not to, challenge the performance of the previous attorney or raise the jurisdictional claim.
 
 
 6
 Even if Petitioner-Appellant were not barred procedurally from bringing the abovementioned claims, his claims are without merit. Petitioner-Appellant waived his right to challenge the court's venue by failing to raise the issue before the district court. See United States v. Gilboe, 684 F.2d 235, 238 (2d Cir.1982), cert. denied, 459 U.S. 1201 (1983). Moreover, he admitted facts sufficient to support venue during his plea allocution. In addition, Espinal has not sustained his burden of proving ineffective assistance of counsel, as set forth in Strickland v. Washington, 466 U.S. 668 (1984). Namely, he has not articulated any prejudice to him resulting from the failure of his counsel to raise a claim of improper venue. Finally, we are unable to conclude that Espinal was coerced into entering a guilty plea. The government's offer of the prospect of a lighter sentence in return for a timely plea does not amount to coercion. See Brady v. United States, 397 U.S. 742, 754-55 (1970).
 
 
 7
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 Judge Leval presided over Espinal's guilty plea and sentencing prior to his elevation to the Court of Appeals for the Second Circuit. He heard Espinal's 28 U.S.C. § 2255 claim while sitting by designation