101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Mustapha OLATEJU, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2628.
 United States Court of Appeals, Second Circuit.
 April 10, 1996.
 
 Appearing for Appellant:Mustapha Olateju, pro se, Morgantown, West Virginia.
 Appearing for Appellee:Loretta Lynch, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York.
 Before WINTER, JACOBS and CABRANES, Circuit Judges.
 
 
 1
 Mustapha Olateju appeals from Judge Nickerson's order denying his petition to vacate his federal sentence pursuant to 28 U.S.C. § 2255. In the instant Section 2255 petition--Olateju's third--appellant argues that his sentence should be vacated because it was based on the amount of heroin actually imported into the United States rather than on the amount reasonably foreseeable by Olateju. Olateju did not raise this claim in either his direct appeal or his previous two Section 2255 petitions. Because the legal basis for Olateju's challenge was available at the time of his appeal and earlier petitions, see United States v. Miranda-Ortiz, 926 F.2d 172, 178 (2d Cir.) (discussing foreseeability), cert. denied, 502 U.S. 928 (1991), Olateju is not excused from failing to raise the claim earlier. He is, therefore, barred from raising it now. See Campino v. United States, 968 F.2d 187, 190 (2d Cir.1992) (failure to raise a claim on direct appeal constitutes procedural default which can be overcome only by showing cause and prejudice); Kuhlmann v. Wilson, 477 U.S. 436, 444 n. 6 (1986) (raising a claim in a later Section 2255 motion that was available but not mentioned in an earlier Section 2255 motion constitutes "abuse of the writ").
 
 
 2
 We therefore affirm.