## UNITED STATES of America

v.

## Ronnie BRYSER, et al., Defendants.

### Nos. 97 Civ. 7802(BDP), 90 Cr. 0274(BDP).

United States District Court, S.D. New York.

July 6, 1998.

Ronnie Bryser, Montgomery, PA, pro se.

Daniel Gitner, Asst. U.S. Atty., U.S. Attorney's Office, New York City, for U.S.

*MEMORANDUM and ORDER*

PARKER, District Judge.

By Petition docketed September 16, 1997, Ronnie Bryser seeks an order vacating and setting aside his sentence imposed by the Honorable Vincent Broderick on April 12, 1991 (and reimposed on re-sentencing on September 12, 1994) following Bryser's conviction arising from his participation in an armored car robbery. Essentially, Bryser argues that the government violated *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) by failing to disclose to him an allegedly exculpatory statement made to agents of the Federal Bureau of Investigation on March 9, 1992 by his co-defendant Gerald DeGerolamo.

Prior to the re-sentencing required by the United States Court of Appeals (*see United States v. Bryser*, 954 F.2d, 79, (2d Cir.1992)), Gerald DeGerolamo gave an unsworn statement to the Federal Bureau of Investigation in the presence of the assistant United States attorney who had tried the underlying case. The special agent memorialized the conversation on an FBI Form 302. In the statement DeGerolamo told the FBI that he was responsible for the robbery that led to the conviction of him and Bryser, and that Bryser and another co-defendant Vincent DeGerolamo were not involved in the robbery. DeGerolamo also, inconsistently, told the agent that he had attempted to convince Bryser to

394

blame a third party for the robbery and also to implicate himself.

In connection with the re-sentencing proceedings, Judge Broderick was made aware of the existence of the memorandum of the DeGerolamo interview and, in an October 15, 1992 order, indicated his disinclination to believe DeGerolamo's post-trial statements which, as he properly understood, were inconsistent with the facts adduced at trial.

Thereafter on November 18, 1992 at the re-sentencing hearing, counsel to Vincent DeGerolamo, discussed at some length the DeGerolamo statement in Bryser's presence and the Court refused to order its production. During the hearing, Assistant United States Attorney Siano discussed the history in the case of false exculpatory statements— statements inconsistent with themselves and the trial testimony:

"And this record is replete with statements by various participants in this crime telling the government that other people didn't do it. And in each instance those essentially unsupported assertions have been demonstrated to be false.

As the record indicated, prior to the arrest of these defendants, they were pointing their fingers collectively at the prior owner of this company and said he did it. And the government pursued everyone involved in this case, the prior owner and the current owners, with regard to this. And it turned out that their assertions in that regard were palpably false, proven false. Then after trial Mr. Bryser came in and said, no, no, I did it, but the two DeGerolamos weren't involved. And that was demonstrated to be untrue." (Tr. p. 21)

On appeal from the re-sentencing, Vincent devoted considerable discussion in his brief to Gerald DeGerolamo's statement. Bryser's brief, however, did not mention the issue. In affirming the re-sentencing of Bryser and Vincent, the Court of Appeals specifically rejected Vincent's claims that the government wrongfully withheld his brothers' statement, stating that it agreed with Judge Broderick's conclusion that "any exculpatory statements which might have been made by Gerald would not be material...." *United*

*States v. DeGerolamo,* Nos. 92–1704, 23–1715 (2d Cir. May 24, 1993).

## DISCUSSION

■ Bryser's Petition is procedurally barred. The Petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, tit. I (1996) ("AEDPA"). Since Bryser's conviction became final before the effective date of the AEDPA, the statutory one-year limitation does not apply. However, where, as here, Bryser had several years to contemplate bringing a habeas petition, he was required to file "within a reasonable time" after April 24, 1996. *See Peterson v. Demskie,* 107 F.3d 92, 93 (2d Cir.1997).

Bryser filed his petition one year, four months and twenty-three days after the effective date of the AEDPA. As a the case law makes clear, that was not within a reasonable time after April 24, 1996. *See Howard v. Lacy,* 97 Civ. 2286, 1997 WL 749390, at *3 (S.D.N.Y. December 4, 1997); ("... a 'reasonable time' is something less than a year."); *e.g., Reese v. Greiner,* 97 Civ. 5622, 1997 WL 694716, at *1 (S.D.N.Y. Nov.6, 1997) (dismissing as untimely *pro se* habeas petition filed shortly before April 24, 1997); *Yeung v. Artuz,* 97 Civ. 3288, 1997 WL 572908, at 1–2 (S.D.N.Y. Sept.10, 1997) (dismissing as untimely *pro se* habeas petition filed on April 21, 1997).

■ Faced with a time-barred petition, Bryser contends that it was "impossible" for him to obtain the DeGerolamo 302 before July 19, 1997, the date on which he claims he first became aware of its existence.

A petitioner, whose claim is based upon newly discovered evidence, has the burden of showing that such evidence could not have been discovered earlier with due diligence. *United States v. White,* 972 F.2d 16, 20 (2d Cir.1992); *United States v. Hedman,* 655 F.2d 813, 815 (7th Cir.1981). Bryser has failed to carry this burden. He unquestionably had good reason to know that the statement had been made by Gerald DeGerolamo to federal officials before his November 1992 re-sentencing. Moreover, Bryser and his counsel were present in court at his re-sen-

tencing on November 18, 1992 when his co-defendant's lawyer argued for the statement's production. In addition, years before this Petition, the statement was a public document as an exhibit at Gerald DeGerolamo's December 29, 1995 re-sentencing. These facts, considered in the aggregate, mean that Bryser has failed to carry his burden of establishing that he exercised diligence in uncovering the facts upon which he now bases his Petition.

Moreover, even if Bryser had exercised diligence in uncovering the facts that form the basis for his Petition, the evidence on which he relies is not "new." Courts in this District have emphasized that alleged post-trial testimony of a defendant's co-conspirator is not "newly discovered" evidence. *United States v. Matos*, 781 F.2d 273 (S.D.N.Y.1991). *See also United States v. Wu*, 902 F.2d 464, 468 (S.D.N.Y.1995). The reason is that Bryser clearly knew all along whether Gerald DeGerolamo possessed information that could have exonerated him. The evidence at trial demonstrated that Gerald was a central member of the conspiracy that led to the robbery. If Bryser was not involved Gerald DeGerolamo could have testified to that effect. Under these circumstances, DeGerolamo's statement is more accurately characterized as newly available evidence, not new evidence.

In addition, Bryser did not raise on direct appeal from his re-sentencing the challenge to his sentencing that he now presents in his § 2255 Petition. This means that he is entitled to seek collateral review only if he shows (1) cause for the default of normal appellate procedures and (2) actual prejudice resulting from the alleged violation which claim is based. *United States v. Pipitone*, 67 F.3d 34, 38 (2d Cir.1995) and *Campino v. United States*, 968 F.2d 187, 190 (2d Cir. 1992). In this case Bryser has established neither "cause" nor "prejudice."

Finally, even if Bryser's Petition were timely and even if he had demonstrated a legitimate reason for not raising these issues by direct appeal, it is clear that the underlying claim has no merit. In order to make a violation under *Brady v. Maryland*, 373 U.S.

83, 83 S.Ct. 1194, 10 L.Ed.2d 215, Bryser must show first that the government suppressed evidence that was "material" to either guilt or punishment, *Brady*, 373 U.S. at 87, 83 S.Ct. 1194. Since the Court of Appeals has already found that "any exculpatory statements by Gerald [DeGerolamo] and reflected in the 302 were wholly incredible...." *See Degerolamo*, 100 F.3d 942, 1996 WL 18637 *1, Bryser cannot show that DeGerolamo's 302 was material. Moreover, the statement on its face directly implicates Bryser, at least in efforts to conceal the robbery. Thus, it is not the kind of statement that, had it been available and had it been adduced during trial, would, in all probability, have had any effect whatsoever on the outcome. The evidence of guilt was substantial and the record was replete with repetitive, inconsistent, false exculpatory statements.

For the foregoing reasons, Bryser's Petition is, all respects, denied. The Clerk shall file a final judgment dismissing the Petition. This Court determines that, since appeal from the dismissal from the Petition, the Court would decline to enter a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(1). Nor would this Court grant *in forma pauperis* status. See 28 U.S.C. § 1915.

**SO ORDERED.**