Jens JAMISON, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 98–2001.

United States Court of Appeals, Second Circuit.

Feb. 20, 2001.

Gail Jacobs, Great Neck, NY, for appellant.

William J. Hochul, Jr., Ass't U.S. Att'y, WDNY, Buffalo, NY, for appellee.

Present Van GRAAFEILAND, KEARSE, and LEVAL, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Western District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of the said District Court be and it hereby is affirmed in part, and vacated and remanded in part.

Petitioner Jens Jamison appeals from an order of the United States District Court for the Western District of New York, John T. Curtin, *Judge,* dismissing his petition pursuant to 28 U.S.C. § 2255 to vacate his conviction on the grounds that (1) he was denied due process because the trial court's oral instructions to the jury omitted an element of one of the RICO predicate acts, and (2) he was denied effective assistance of counsel because his trial attorney failed to argue that he should be sentenced under § 2A1.2 of the Sentencing Guidelines ("Guidelines") rather than § 2A1.1. For the reasons that follow, we reject Jamison's first contention, and we vacate and remand for further proceedings on the second.

■ Jamison's present challenge to the trial court's instructions was not raised either at trial or in his direct appeal from his conviction. Accordingly, he is barred from raising it in a § 2255 petition unless he demonstrates cause for the procedural default and prejudice resulting from the claimed error. *See, e.g., Campino v. United States,* 968 F.2d 187, 190 (2d Cir.1992). We reject this claim because, *inter alia,* Jamison plainly has not shown prejudice from the claimed error. He contends that the district court erred in describing to the jury the state-law offense of second-degree murder because, in reading its charge to the jury, the court failed to state as an element "that the act performed by the defendant caused the death of that particular person." However, the court had instructed the jury that in order to find that Jamison committed second-degree murder it must find that he "caused the death of that person." Jamison fails to show any prejudice from the omission, in light of the instruction that the jury was actually given on the causation element.

■ Jamison's contention that he received ineffective assistance of counsel

with respect to sentencing is somewhat more problematic. In order to establish constitutionally ineffective assistance, a defendant must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for the deficiency, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to fall below that standard of reasonableness, counsel's performance must fail to meet "prevailing professional norms." *Id.* at 688. In calculating Jamison's sentence with respect to his RICO conviction, for which the most serious predicate act was a state-law offense of second-degree murder, the district court applied the guideline for the federal offense of first-degree murder, § 2A1.1, giving Jamison a base offense level of 43, rather than the guideline for second-degree murder, § 2A1.2, which would have given him a base offense level of 33. Jamison, in support of his ineffective-assistance-of-counsel claim, submitted an affidavit from his attorney stating that the attorney "had *assumed* that murder in the second degree under New York Penal Law was the same as murder under the United States Sentencing Guidelines. I *was not aware* that my client was being sentenced under the Guidelines for first degree murder." (Emphases added.) This confession by the attorney of his reliance on assumptions and his lack of awareness of what Guidelines section was being applied to his client, as well as his tacit lack of awareness that the Guidelines differentiate between first- and second-degree murders, sufficed to show performance falling below an objective standard of reasonableness and hence sufficed to constitute cause.

█ It is unclear, however, that Jamison has shown that counsel's failure to urge the application of § 2A1.2 instead of § 2A1.1 resulted in prejudice. In *United States v. Minicone*, 960 F.2d 1099 (2d Cir.) ("*Minicone*"), *cert. denied*, 503 U.S. 950, 112 S.Ct. 1511, 117 L.Ed.2d 648 (1992), we ruled that it was not error for the sentencing court to conclude that the federal offense of first-degree murder was most analogous to the state-law second-degree murder offense in the circumstances before that court. *See id.* at 1110; *see also United States v. Diaz*, 176 F.3d 52, 123–24 (2d Cir.1999) (same). In denying Jamison's motion in the present case, the district court did not clearly indicate that it would have sentenced Jamison under § 2A1.1 even if counsel had argued for the application of § 2A1.2. Rather, the court appears to have read *Minicone* as requiring application of § 2A1.1. It stated:

> In *United States v. Minicone*, ... the Second Circuit held that in a racketeering case, a conviction for a predicate act of second-degree murder under New York State law *should* be treated for sentencing purposes under the guidelines for federal first-degree murder. In the instant case, even if petitioner's trial counsel had objected to the use of the first-degree sentencing guideline, the district court, *bound by the Second Circuit mandate, would have had no choice but to apply the Sentencing Guidelines for first-degree murder.* Thus, the outcome of the proceedings *could* not have been any different had petitioner's trial counsel objected to the sentencing guideline being applied by the court. Accordingly, this court holds that petitioner has failed to demonstrate that his trial counsel was ineffective during the sentencing phase of his trial in violation of the Sixth Amendment.

Decision and Order dated December 7, 1997, at 9 (emphases added). *Minicone*, however, merely held that application of the guideline for first-degree murder was not error; we did not rule that application

of that guideline was mandatory even if a sentencing court found some other guideline more analogous on the facts before it. Because the district court here did not indicate whether it would likely have applied § 2A1.1 to Jamison if his counsel had argued for the application of § 2A1.2 and if the court did not believe it was "mandate[d]" to apply § 2A1.1, we remand to the district court for clarification and, if necessary, further proceedings. In so doing, we do not suggest that the application of § 2A1.1 in the present case was erroneous.

We have considered all of Jamison's contentions on this appeal and, except as indicated above, have found them to be without merit. The judgment of the district court is affirmed in part, and is vacated and remanded in part for proceedings not inconsistent with this order. Any appeal from a final order entered on remand shall be referred to this panel.