Ellen BARR, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 1:00–CV–1816(LEK/RWS).

United States District Court, N.D. New York.

July 3, 2001.

Paul J. Evangelista, Office of the Federal Public Defender, Albany, NY, for petitioner.

Barbara D. Cottrell, AUSA, Office of United States Attorney, James T. Foley, Albany, NY, for respondent.

## MEMORANDUM – DECISION AND ORDER

KAHN, District Judge.

Presently before the Court is a petition for a writ of habeas corpus filed by Peti-

tioner, pursuant to 28 U.S.C. § 2255. For the following reasons, the Petition is DENIED.

## I. BACKGROUND

On February 15, 2000, upon Petitioner's plea of guilty to the charge of conspiracy to possess cocaine with the intent to distribute in violation of 21 U.S.C. §§ 846 and 841, this Court sentenced her to a term of incarceration of fifteen (15) months and a term of supervised release of (6) years. Although Petitioner's base offense level was twenty (20), because she accepted responsibility for her crime, the total offense level was reduced to a seventeen (17). Moreover, her criminal history category was calculated at a level II, in part because of a prior cocaine possession conviction Petitioner received in Florida.[1]

Petitioner alleges, in her instant habeas petition, that because her Florida conviction occurred in November 1985, it should not have been utilized by the Court to increase her criminal history level to a category II. Specifically, Petitioner points out that the United States Sentencing Guidelines declare, in part, that any sentence of imprisonment not exceeding one year and one month that is not within ten years of the commencement of the instant offense may not be used to increase her criminal history level category. See U.S.G. § 4A1.2(e). Since Petitioner's Florida conviction occurred more than fifteen (15) years ago, she argues that it should not have been used against her. In response, the Government argues that Petitioner waived her right to appeal the conviction and sentence because it was for less than fifty-one (51) months, that because Petitioner did not raise the instant

---

1. After pleading guilty to that charge, Petitioner was sentenced to a term of incarcera-

tion of one year and one day.

issues at any point prior to sentencing she also waived her right to challenge it collaterally, and that her claims fail on the merits.

## II. DISCUSSION

■ Regarding the merits of Petitioner's claims, the Government argues that Petitioner's instant offense commenced in 1994.[2] As such, the Government contends that her Florida conviction was within the ten year rule established under the Sentencing Guidelines and that it was entitled to use Petitioner's Florida conviction to raise her criminal offense level category. In response, Petitioner argues that the Government cannot establish that her offense began in 1994 because the information indicating that it started then came from her own admissions and, pursuant to her proffer and plea agreements, cannot be used against her.

This claim is devoid of merit. The Government obtained the questioned evidence from two sources. The first source was Petitioner's proffer and plea agreement and could not have been used against her. The second source was the proffer of a codefendant of Petitioner, who stated that the offense began in 1994. Petitioner's codefendant made this proffer on January 22, 1994, almost two months prior to Petitioner's initial proffer. Thus, the Government did not violate Petitioner's proffer and plea agreement when it utilized the information received from her co-defendant to raise her criminal category offense level.

■ Moreover, even assuming for purposes of argument that Petitioner's behavior in 1994 was distinct from the offense for which she was indicted and sentenced in this Court, she does not have the ability to raise this issue via the instant 2255 petition because she agreed to waive any right to appeal of a sentence of fifty-one months or less. The Second Circuit has rejected arguments from prisoners seeking to collaterally attack their convictions by filing 2255 habeas petitions when the prisoner fails to raise the 2255 issues on direct appeal and is unable to demonstrate "both cause for an earlier default and actual prejudice from the errors challenged." *Campino v. United States*, 968 F.2d 187, 189 (2d Cir.1992); *see also United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir.1995). This rule applies even when a prisoner enters into a plea agreement waiving his or her right to direct appeal. *Pipitone*, 67 F.3d at 38–39; *Pollack v. Hobbs*, 98 F.Supp.2d 287, 291 (E.D.N.Y. 2000).

■ Furthermore, the acceptance of such a plea agreement does not constitute cause for failing to file a direct appeal. *See Pipitone*, 67 F.3d at 38. This is so because if the Court allowed such Petitions to go forward the cause requirement would be "turned on its head." *Id.* Prisoners could simply waive their right to appeal and then, using the linguistic distinction between the terms "habeas petition" and "appeal," raise the waived claims by filing a 2255 petition. *Id.* Because this Court cannot countenance such an obvious circumvention of the plea agreement, it also holds that Petitioner's claims are waived. *See id.*

## III. CONCLUSION

Accordingly, it is hereby

2. In 1994, Petitioner met Jeffrey Meadows, a member of the conspiracy of which Petitioner was a member.

ORDERED that the above captioned petition for habeas corpus is DENIED; and it is further

ORDERED that the case be DISMISSED in its entirety; and it is further

ORDERED that the Clerk of the Court serve a copy of this Order on all parties by regular mail

IT IS SO ORDERED.