Jay COHEN, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 04–1937–PR.

United States Court of Appeals,
Second Circuit.

April 22, 2005.

Melinda Sarafa, Zuckerman Spaeder LLP, New York, N.Y. (D. Allison Baker, Zuckerman Spaeder LLP, Washington, D.C.; Benjamin Brafman, Mark M. Baker, Brafman & Ross, PC, New York, NY, on the brief), for Appellant.

Joseph V. De Marco, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York; Katherine Polk Failla, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: WALKER, Chief Judge, LEVAL, Circuit Judge, and DUPLANTIER, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Appellant Jay Cohen appeals from an order entered March 9, 2004, in the United States District Court for the Southern District of New York (Thomas P. Greisa, *Judge*), denying his motion to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255. On appeal, Cohen argues that at trial the government misled the court as to whether New York State's Capital Off–Track Betting Corporation ("Capital OTB"), after which Cohen claims to have modeled his company, was regulated by 18 U.S.C. § 1084, the statute Cohen was convicted of violating. Cohen claims that this misrepresentation caused the court to instruct the jury in a manner that effectively denied him the right to testify on his own behalf and offended Cohen's due process right to a fair trial. Cohen also argues that the government, in deciding to prosecute him, but not other, similarly situated persons, violated his right to equal protection of the laws. Familiarity with the facts and procedural history is assumed. We affirm.

■ With regard to Cohen's first argument, we find no error in the jury instructions or any other ruling by the district court that might have compromised Cohen's rights under the United States Constitution. As we determined in resolving Cohen's case on direct appeal, the district

court properly ruled that willfulness is not an element of 18 U.S.C. § 1084 and that Cohen's "good-faith" defense was unavailing as a matter of law. *See United States v. Cohen*, 260 F.3d 68, 71–73, 75–76 (2d Cir.2001). Thus, whether Cohen modeled his company on another organization he believed to be lawful under 18 U.S.C. § 1084, and whether that organization was regulated by 18 U.S.C. § 1084, were irrelevant to Cohen's guilt under the statute.

■ We also reject Cohen's selective prosecution claim. Because this claim was not raised at trial or on direct appeal, Cohen must show both cause and prejudice to prevail on collateral review. *See Campino v. United States*, 968 F.2d 187, 190–91 (2d Cir.1992). There is no reason Cohen could not have made this argument earlier in the case, considering that the documents he has offered in support of his § 2255 motion appear to have been reasonably obtainable, and that he has maintained throughout that other betting organizations are similarly situated with respect to 28 U.S.C. § 1084, yet have not been prosecuted under the statute. But regardless of whether Cohen's earlier failure to procure these documents constitutes cause, Cohen's argument is unavailing on the merits. He has not pointed to evidence of discriminatory intent and effect that would warrant further discovery on the issue, much less reversal of his conviction. *See United States v. Armstrong*, 517 U.S. 456, 464–66, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). A state-sponsored horse-race betting entity is substantially different from the unregulated offshore bookmaking operation run by Cohen. The federal government's decision to prosecute Cohen while not prosecuting the state-sponsored entity does not raise an issue of selective prosecution.

---

* The Honorable Adrian G. Duplantier, of the United States District Court for the Eastern District of Louisiana, sitting by designation.

Nor does the decision to prosecute persons making book on major league sports but not those making book on less popular sports. *See United States v. Al Jibori,* 90 F.3d 22, 25 (2d Cir.1996)(noting that, under *Armstrong,* "a defendant must make at least a credible showing of different treatment of similarly situated persons to establish a colorable basis for a finding of discriminatory effect and consequently to become eligible for discovery" (internal quotation marks omitted)).

We have carefully considered Cohen's remaining arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**