Socrates JORGE, Petitioner,

v.

UNITED STATES of America, Respondent.

Nos. 92 Civ. 7443 (JES), 88 Cr. 1005 (JES).

United States District Court, S.D. New York.

March 26, 1993.

**56**

Socrates Jorge petitioner pro se.

Otto Obermaier, U.S. Atty., S.D. New York, New York City (Amy Millard, Asst. U.S. Atty., of counsel), for respondent.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner in the above-captioned action brings this 28 U.S.C. § 2255 petition to vacate his sentence. For the reasons that follow, the petition is dismissed.

## BACKGROUND

On June 27, 1989, following a two-day trial, a jury found Socrates Jorge guilty on both counts of a two count indictment which charged him with conspiracy and possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 846.

On September 6, 1989, the Court sentenced Jorge to seventy-eight months in prison, four years supervised release, and a $100 special assessment. At sentencing, Jorge's attorney requested a two-level reduction in his sentencing guidelines range for acceptance of responsibility in a statement made to a probation officer after conviction at trial. The Court denied the reduction because it found that the statement was untimely and ambiguous and that Jorge's disclaimer that he merely "suspected" that the package he delivered was cocaine was flatly contradicted by trial evidence of his willing and knowledgeable participation in the drug transaction.

By order dated March 14, 1990, the Second Circuit Court of Appeals dismissed Jorge's first appeal because no brief was filed. By order dated June 4, 1991, the Second Circuit Court of Appeals granted defendant's motion to reinstate the appeal and appointed new counsel, who, on August 7, 1991, filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 739, 87 S.Ct. 1396, 1397, 18 L.Ed.2d 493 (1967), averring that there were no non-frivolous issues to be raised on appeal. By order dated October 22, 1991, the Court of Appeals granted Jorge leave to file a *pro se* brief, which Jorge failed to file, and thus, by order dated November 14, 1991, the Court of Appeals summarily affirmed the judgment of conviction. In his § 2255 petition, petitioner now attacks his sentence due to ineffective assistance of counsel at sentencing and on appeal, and due to inaccuracies in the Pre–Sentence Investigation Report that caused him to be denied a two-level reduction in the guideline range.

## DISCUSSION

■ Where, as here, a defendant has failed to raise a claim on direct appeal, the claim is barred from collateral review on a § 2255 petition unless the petitioner can demonstrate "cause" for the default of normal appellate procedure and actual "prejudice" from the alleged violation on which the claim is based. *Campino v. United States*, 968 F.2d 187 (2d Cir.1992); *see also United States v. Frady*, 456 U.S. 152, 164–65, 102 S.Ct. 1584, 1592–93, 71 L.Ed.2d 816 (1981). Under the cause and prejudice test, " '[c]ause' ... must be something *external* to the petitioner, something that cannot fairly be attributed to him[,]" *Coleman v. Thompson*, —— U.S. ——, ——, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991), and the "prejudice" must be so substantial that it undermines the integrity of the entire trial. *United States v. Frady*, 456 U.S. at 169–70, 102 S.Ct. at 1595–96.

All of counsel's alleged deficiencies at sentencing and any inaccuracies in the Pre–Sentence Investigation Report were known to Jorge no later than at the close of sentencing. Having been thus placed in the possession of all of the facts relating to these claims, it is not sufficient for Jorge to justify a failure to raise these claims on direct appeal merely because his appellate counsel filed an *Anders* brief because that counsel did nothing to prevent Jorge from filing his *pro se* brief.

In any event, even if Jorge could contrive some causal connection between the *Anders* withdrawal and his procedural default, his claim of ineffective assistance of counsel is meritless because he has not demonstrated deficient performance and resulting prejudice. *Strickland v. Washington,* 466 U.S. 668, 687–94, 104 S.Ct. 2052, 2064–68, 80 L.Ed.2d 674 (1984); *see also United States v. Aquirre,* 912 F.2d 555, 560 (2d Cir.1990); *United States v. Reiter,* 897 F.2d 639, 644–45 (2d Cir.1990), *cert. denied,* 498 U.S. 817, 111 S.Ct. 59, 112 L.Ed.2d 34 (1990); *United States v. Bari,* 750 F.2d 1169, 1182 (2d Cir.1984), *cert. denied,* 472 U.S. 1019, 105 S.Ct. 3482, 87 L.Ed.2d 617 (1985). The record clearly shows that defense counsel vigorously argued that Jorge's statement warranted a two-level reduction for acceptance of responsibility. Sent. Tr. 4. In any event, as the Court clearly indicated at sentencing, the sentence imposed, *i.e.,* seventy-eight months, was the sentence that would have been imposed even if Jorge had been afforded the two-level reduction for acceptance of responsibility.

Jorge also claims that he was denied the effective assistance of counsel on appeal. The filing of an *Anders* brief does not in itself constitute ineffective assistance of counsel. *McCoy v. Court of Appeals of Wisconsin District 1,* 486 U.S. 429, 442–44, 108 S.Ct. 1895, 1903–05, 100 L.Ed.2d 440 (1988). Other than some assertions of a general disinterest in his appeal, Jorge has made no other showing that appellate counsel's performance was unreasonably deficient, as required under *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

**CONCLUSION**

The Clerk of the Court is directed to dismiss the petition and close the above-captioned action.

It is **SO ORDERED.**