**Timothy F. OLADIJI, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 95–CV–3180(JRB).

United States District Court, E.D. New York.

Feb. 26, 1996.

Order Denying Default or Summary Judgment March 20, 1996.

$100 per hour for associates. *Segarra v. Messina,* 158 F.R.D. 230, 235 (N.D.N.Y.1994).

**44**

Timothy F. Oladiji, Springfield, MO, for plaintiff.

David Peter Porter, United States Attorney's Office, Eastern District of New York, Brooklyn, NY, for defendant.

### MEMORANDUM AND ORDER

BARTELS, District Judge.

Petitioner Timothy F. Oladiji moves, pursuant to 28 U.S.C. § 2255 to vacate, correct or set aside his conviction on the grounds that it was obtained by use of evidence gained pursuant to an unconstitutional search and seizure and unlawful arrest as well as that he was denied effective assistance of counsel at trial. For all of the following reasons, the petition is denied.

### FACTS

As set forth more fully in this Court's February 14, 1994 Memorandum and Order denying his first motion under § 2255, Oladiji was stopped at John F. Kennedy International Airport on June 24, 1991 on his way from Nigeria to Illinois. After a routine customs inquiry, inspectors from the United States Customs Service found clothing in his luggage in which heroin in excess of one kilogram had been secreted. After indictment and trial in this Court, Oladiji was found guilty by jury verdict on September 20, 1991 of importing and possessing narcotics in violation of 21 U.S.C. § 952(a) and

841(a)(1) and sentenced to the statutory minimum of ten years imprisonment. Oladiji filed an appeal pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and the Second Circuit affirmed his conviction. *United States v. Oladiji,* 986 F.2d 501 (2d Cir.1992) (unpublished opinion).

Oladiji then filed his first § 2255 motion based on ineffective assistance of counsel at trial and appeal. This Court denied the petition on February 14, 1994 in part for Oladiji's failure to meet the two prong test for ineffective assistance set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (defendant must prove that counsel's performance was deficient and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694, 104 S.Ct. at 2064, 2068). The Second Circuit affirmed on January 4, 1995 based largely on *Strickland. Oladiji v. United States,* 47 F.3d 1157 (2d Cir.1995) (unpublished opinion).

Oladiji now brings his second § 2255 petition, specifically claiming that 1) his bags were searched at the airport without his permission, 2) he was not informed that he could have an attorney present during questioning who might have prevented him from making self-incriminating statements and 3) his trial counsel rendered ineffective assistance by not arguing the above two points at trial. He also requests appointment of counsel and a hearing.

Neither Oladiji's unconstitutional search claim nor the lack of advice that he could have an attorney present during questioning was raised on appeal or in his first § 2255 petition. Absent a showing of cause for failure to raise the claim at the appropriate time and actual prejudice as a result, a defendant cannot obtain review of that claim under § 2255. *Campino v. United States,* 968 F.2d 187, 189–90 (2nd Cir.1992); *Jorge v. United States,* 818 F.Supp. 55, 56 (S.D.N.Y. 1993). Oladiji makes no such showing and indeed cannot as it is well established that "*Miranda* warnings need not be given to one detained at the border and subjected to a routine customs inquiry" *United States v.*

*Silva,* 715 F.2d 43, 46 (2d Cir.1983); *United States v. Moody,* 649 F.2d 124, 127 (2d Cir. 1981); and warrantless searches at the border are reasonable. *United States v. Ramsey,* 431 U.S. 606, 616–19, 97 S.Ct. 1972, 1978–80, 52 L.Ed.2d 617 (1976). Trial established that the customs questioning was routine, and it is undisputed that New York is the border for the purposes of Oladiji's journey to Illinois from Nigeria. For these reasons, Oladiji's first two claims are without merit and hereby are denied.

■ Oladiji's claim based on ineffective assistance of counsel is procedurally barred. This Court's decision on his first § 2255 petition addressed the issue of ineffective assistance, as did the Second Circuit on appeal. Section 2255 states, in part, "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Here, Oladiji cloaks the same claim that was made previously in a new mantle, and this claim must again be denied. *See also,* Rule 9(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

■ Even if the claim was not denied as successive, Oladiji still cannot meet the test set out in *Strickland* and discussed in this Court's February 14, 1994 decision and the Second Circuit's January 4, 1995 affirmance. This claim is based on the first two which are without merit, and therefore necessarily cannot satisfy the second *Strickland* prong which requires that the result would have been different. 466 U.S. at 694, 104 S.Ct. at 2068. Additionally, it is clearly not defective performance of counsel to fail to raise a meritless claim at trial.

■ As Oladiji's claims are without merit, his requests for a hearing and appointment of counsel are denied. No hearing is required when only issues of law are raised, and no issues of fact. *See, Townsend v. Sain,* 372 U.S. 293, 312, 319, 83 S.Ct. 745, 760, 9 L.Ed.2d 770 (1963) (Hearing required where facts are in dispute); Advisory Committee Note to Rule 8 of § 2255 Rules (making Advisory Committee Note to Rule 8 of § 2254 Rules applicable). Additionally, § 2255 does not require a hearing where, as here, "the motion, files and records of the case conclusively show that the prisoner is entitled to no relief."

■ Finally, Oladiji's December 20, 1995 motion for a default judgement is denied, as the United States Attorney, although certainly tardy in its response to Oladiji's § 2255 motion, did receive a one month extension on December 18, 1995. Although the government did not submit its response until three days after the expiration of the extension and the Court cannot condone this behavior in light of the multiple and generous extensions granted, Oladiji has shown no prejudice by the slight delay.

### CONCLUSION

For all of the foregoing reasons, Oladiji's petition is DENIED in its entirety.

**SO ORDERED.**

### ORDER

Timothy F. Oladiji moves for default or summary judgment on his 28 U.S.C. § 2255 petition based on his allegation that the United States Attorney did not respond to his motion in a timely fashion. Additionally, he moves for an expedited ruling and a hearing.

This Court issued a Memorandum and Order on February 26, 1996 denying Oladiji's § 2255 petition (the "Order"). The instant motion was received by the Eastern District Pro Se Office on February 20, 1996, but did not arrive in chambers until after the Order was issued. The Order makes the instant motion for an expedited ruling and hearing moot as the Court has already issued its decision in the case.

Additionally, Oladiji's motion for default or summary judgment is denied because although the Government's response was three days late, as the Government notes, those three days were court holidays. The reasoning in the Order thus continues to apply, and Oladiji has shown no prejudice by the slight delay.

**46**

## CONCLUSION

For the foregoing reasons, Timothy F. Oladiji's motion is DENIED in its entirety.

**SO ORDERED.**