**William R. UNDERWOOD,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

**No. 189, Docket 93–2202.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 1, 1993.

Decided Dec. 20, 1993.

---

Donald V. Morano, Chicago, IL, for petitioner-appellant.

Andrew S. Dember, New York City, Asst. U.S. Atty. for S.D.N.Y. (Mary Jo White, U.S. Atty. for S.D.N.Y., John W. Auchincloss II, Asst. U.S. Atty., of counsel), for respondent-appellee.

Before FEINBERG, CARDAMONE and ALTIMARI, Circuit Judges.

FEINBERG, Circuit Judge:

William R. Underwood appeals from an order entered in March 1993 in the United States District Court for the Southern District of New York, Miriam Goldman Cedarbaum, J. Judge Cedarbaum's Memorandum Opinion and Order denied Underwood's petition pursuant to 28 U.S.C. § 2255 to vacate his sentence of life imprisonment. For reasons given below, we affirm.

### I. Factual Background

In January 1990, a jury found Underwood guilty of participating in a racketeering enterprise, 18 U.S.C. § 1962(c) (RICO); conspiring to participate in a racketeering enterprise, 18 U.S.C. § 1962(d) (RICO conspiracy); participating in a narcotics conspiracy, 21 U.S.C. § 846; and operating a continuing criminal enterprise (CCE), 21 U.S.C. § 848(a). Under the Sentencing Guidelines, Underwood was subject to a mandatory sentence of life imprisonment on the CCE count. He received concurrent terms of 20 years each on the RICO and RICO conspiracy counts. His sentence on the narcotics conspiracy count was combined with his sentence on the CCE count.

In May 1991, this court affirmed Underwood's conviction and sentence on his direct appeal. *United States v. Underwood*, 932 F.2d 1049 (2d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991) (*Underwood I*). Seven months after certiorari was denied, Underwood filed a petition pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence. Underwood repeated the claim, already made at his sentencing and in his direct appeal, that the district court had erred in sentencing him according to the Sentencing Guidelines because the jury made no specific finding that his criminal conduct had continued beyond November 1, 1987, the effective date of the guidelines. Because the judge, rather than the jury, found at sentencing that his criminal conduct continued past the effective date, Underwood argued that he should be resentenced under the pre-guidelines law. That law prescribed a sentence ranging from 10 years to life, subject to the court's discretion, rather than a mandatory life term as prescribed by the guidelines.

Thus, when this argument was made to Judge Cedarbaum on the § 2255 petition, this court had already rejected it on Underwood's direct appeal. 932 F.2d at 1053–55. Underwood claimed in his § 2255 petition, however, that his appellate counsel had provided him with ineffective representation in *Underwood I*, by failing to cite to this court its own prior controlling decision, *United States v. Torres*, 901 F.2d 205 (2d Cir.), *cert. denied sub nom, Cruz v. United States*, 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229

(1990). Although Underwood's trial counsel had brought the case to the attention of Judge Cedarbaum at sentencing, his appellate counsel, a different lawyer, failed to cite it to this court.[1]

In his § 2255 petition, Underwood was represented by Donald V. Morano, the same lawyer who had represented him on the appeal in *Underwood I* and the same lawyer who represents him on this appeal. Thus, Judge Cedarbaum was presented with an argument by Mr. Morano that he himself had been constitutionally ineffective in the prior appeal. This unusual argument is repeated in our court. Judge Cedarbaum's opinion denying the § 2255 petition held that even if she had the power under § 2255 to reexamine an issue already decided by the Court of Appeals, she would not alter her decision because she had already considered *Torres* and found it distinguishable. This appeal followed.

## II. Discussion

### A. Availability of relief under § 2255.

■ In essence, Underwood's § 2255 petition merely restates his claim, already rejected by this court in his direct appeal, that the district court erred in sentencing him under the Sentencing Guidelines. We have held that "section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal." *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir.1992). This rule may not apply, however, where an intervening change in the law has taken place or "where the issues *were not raised at all* on direct appeal due to ineffective assistance of counsel." *Barton v. United States*, 791 F.2d 265, 267 (2d Cir.1986) (per curiam) (emphasis added).

■ Neither exception applies to the present case. First, *Torres* does not represent an intervening change in the law, but was in fact decided over a year before our opinion in

*Underwood I.* Second, Underwood's claim of ineffective assistance is based upon his counsel's failure to cite a single case rather than failure to raise an issue entirely. The issue in question—whether the application of the Sentencing Guidelines requires a jury finding that the criminal conduct occurred after the effective date of the Guidelines—was raised in *Underwood I.* We addressed it there in some detail and ruled against Underwood. 932 F.2d at 1053–55. Thus, Underwood's claim does not fall under either of the above-recognized exceptions to the bar against relitigation under § 2255.[2] We need not decide whether to expand the exceptions to cover the situation here because, as explained below, Underwood's argument based on *Torres* is without merit.

### B. The *Torres* Case

Even if Underwood were not procedurally barred from relitigating the issue of the dates of his criminal conduct, his arguments would not alter our decision in *Underwood I.* Underwood argues that under *Torres,* a court may not sentence a defendant under the Sentencing Guidelines unless a jury has specifically found that the criminal conduct occurred after the effective date of the guidelines. We disagree.

The relevant portion of *Torres* dealt with a substantive criminal statute, 18 U.S.C. § 848, rather than with the guidelines. See 901 F.2d at 224–229. Under the provisions of § 848(a) then in effect, a participant in a continuing criminal enterprise was subject to a prison term of ten years to life. Under § 848(b), a person who acts as a "principal administrator, organizer, or leader" of a continuing criminal enterprise of sufficient magnitude was subject to a mandatory term of life imprisonment. Subsection 848(b) went into effect October 27, 1986. In *Torres,* however, the jury instructions and verdict form allowed the jury to find the defendants guilty of violating 848(b) if they acted as principal

---

1. Counsel did, however, cite *Torres* to the Supreme Court in the unsuccessful petition for certiorari after *Underwood I.*

2. This court's recent decision in *United States v. Billy–Eko*, 8 F.3d 111 (2d Cir.1993), does not compel us to consider Underwood's ineffective assistance claim. In *Billy–Eko*, we held that claims of ineffective assistance of trial counsel

not raised on direct appeal will generally be heard on a § 2255 petition unless (1) trial counsel did not act as appellate counsel; and (2) the claims are based entirely on the trial record. *Id.* at 115. The rule does not apply in this case, however, because Underwood alleges ineffective assistance on appeal rather than at trial.

administrators, organizers, or leaders at *any time* between June 24, 1986 and June 23, 1987. Thus, the jury may have convicted the defendants in *Torres* even if it found that they acted as principal administrators only *before* the effective date of the statute. We held that "the ex post facto rule requires such conduct on or after October 27, 1986, as a constitutional matter, *as a basis for a conviction* under section 848(b)." 901 F.2d at 229 (emphasis added). We vacated the defendants' convictions under § 848(b) and remanded for resentencing under the penalty provisions of § 848(a). Id.

The ex post facto analysis of *Torres* is inapposite in Underwood's case. *Torres* held that in order to support a conviction, the jury must find beyond a reasonable doubt that an element of the crime occurred after the effective date of the statute defining that crime. *Underwood I*, in contrast, held that when the jury has *already* found the defendant guilty beyond a reasonable doubt of all elements of a crime, the judge, as opposed to the jury, may find that the crime occurred after the effective date of the Sentencing Guidelines.

*Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987), also cited by Underwood, is similarly inapposite. The *Miller* court held that to constitute an ex post facto violation, "first, the law 'must be retrospective, that is, it must apply to events occurring before its enactment'; and second, 'it must disadvantage the offender affected by it.'" Id. at 430, 107 S.Ct. at 2451 (quoting *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)). While Underwood may have been "disadvantaged" by the application of the Sentencing Guidelines,[3] the sentencing court did not apply the guidelines retrospectively. Judge Cedarbaum specifically found that "there is clear evidence in this record that this enterprise continued past November 1, 1987." *Underwood I*, 932 F.2d at 1055.

As we held in *Underwood I*, the Supreme Court's decision in *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), is dispositive here. 932

F.2d at 1053. According to *McMillan*, a "sentencing factor"—a factor which is not an element of the crime of conviction and does not alter the maximum penalty for committing the crime but instead applies only after the defendant has been found guilty beyond a reasonable doubt—may be found by the sentencing court by a preponderance of the evidence, rather than by the jury beyond a reasonable doubt. 477 U.S. at 85–86, 106 S.Ct. at 2415–16, cited in *Underwood I*, 932 F.2d at 1053. Since the question of whether Underwood's conduct continued past the effective date of the guidelines is not an element of the crime and does not alter the maximum penalty therefor, it is a "sentencing factor" and its determination lay within the authority of the sentencing judge.

We affirm the district court's denial of Underwood's § 2255 petition.

---

**3.** A defendant is "substantially disadvantaged" even if, as in this case, the application of a new sentencing law only eliminates the *possibility* of a lesser sentence under the old law, even though the new law's minimum punishment is not great-

er than the old law's maximum punishment. See *Miller,* 482 U.S. at 432–33, 107 S.Ct. at 2452–53 (citing *Lindsey v. Washington,* 301 U.S. 397, 57 S.Ct. 797, 81 L.Ed. 1182 (1937)).