**William R. UNDERWOOD, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Docket No. 97–3592**

United States Court of Appeals, Second Circuit.

Submitted Dec. 2, 1998.

Decided Jan. 22, 1999.

ROBYN G. NIR, Bisceglia & Oppenheim, New York, N.Y., for Petitioner.

ANDREW S. DEMBER, Assistant United States Attorney, New York, N.Y. (Mary Jo White, United States Attorney for the Souther District of New York, Robert E. Rice, Assistant United States Attorney, New York, N.Y. (Of Counsel), for Respondent.

Before: NEWMAN, LEVAL, and PARKER, Circuit Judges.

LEVAL, Circuit Judge:

This is a *sua sponte* reconsideration of this Court's prior denial of the application of Petitioner William R. Underwood to file a second petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See Underwood v. United States*, No. 97–3592 (2d Cir. Sept.3, 1997). Underwood argues that if we deny reconsideration under § 2255, he should be allowed to file a habeas corpus petition under 28 U.S.C. § 2241. We find that Underwood cannot obtain relief under § 2255 or § 2241.

## BACKGROUND

In 1990, Underwood was convicted of conducting or participating in a racketeering enterprise (RICO), 18 U.S.C. § 1962(c); a RICO conspiracy, 18 U.S.C. § 1962(d); a

narcotics conspiracy, 21 U.S.C. § 846; and a continuing criminal enterprise (CCE), 21 U.S.C. § 848. The district court (Cedarbaum, *J.*) sentenced Underwood under the Guidelines to life imprisonment on the CCE count and concurrent terms of 20 years each on the RICO and RICO conspiracy counts. Following our precedents at the time, Judge Cedarbaum "combined" his sentence for narcotics conspiracy under § 846 with his sentence for the CCE conviction under § 848.

At the time of Underwood's sentencing, our precedents recognized narcotics conspiracy as a lesser-included offense of a continuing criminal enterprise. *See United States v. Young,* 745 F.2d 733, 748–50 (2d Cir.1984). We allowed sentences under § 846 and § 848 to be combined on the understanding that the § 846 conviction did not "exist . . . separate[ly]" and had no "collateral consequences" while the § 848 conviction remained in place. *United States v. Aiello,* 771 F.2d 621, 633, 634 n. 6 (2d Cir.1985) (internal quotations omitted). The "combined lesser conviction could not properly be considered, for instance, in determining a defendant's eligibility for parole, in sentencing him in the future under a recidivist statute or in impeaching his credibility at a later trial." *Id.* at 633–34. Only if the greater conviction were vacated would we "resuscitate the lesser conviction and permit punishment for the lesser crime." *Id.* at 634.

Although the district court combined the § 846 and § 848 prison sentences, the court imposed a separate $50 special assessment for each.

Underwood appealed his conviction in 1991. Notwithstanding the two $50 special assessments for greater and lesser-included offenses, he did not raise a double jeopardy claim on his appeal. We found no merit in the contentions Underwood did raise, and affirmed his conviction. *See United States v. Underwood,* 932 F.2d 1049, 1051 (2d Cir. 1991). In 1992, Underwood petitioned to vacate his convictions under 28 U.S.C. § 2255. Once again he challenged neither the fact of his conviction under § 846 and § 848 nor the separate assessments. We again rejected his claims. *See Underwood v. United States,* 15 F.3d 16, 17 (2d Cir.1993).

In 1996, the Supreme Court decided *Rutledge v. United States,* 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). *Rutledge* held, as we had held already, that the narcotics conspiracy of § 846 was a lesser-included offense of the CCE of § 848. *See id.* at 297–300, 116 S.Ct. 1241. *Rutledge* also explicitly rejected our practice of combining sentences for the two convictions, ruling that the imposition of a special assessment on each of the counts would constitute impermissible double punishment. *See id.* at 301, 307, 116 S.Ct. 1241. *Rutledge* did not adopt a different view of the elements of the CCE offense than we had previously held, *see id.* at 300 n. 11, 116 S.Ct. 1241, and did not require dismissal or resentencing as to the CCE conviction, *see id.* at 307, 116 S.Ct. 1241 (remanding for dismissal of one conviction); *United States v. Miller,* 116 F.3d 641, 678 (2d Cir.1997) (per *Rutledge,* remanding for dismissal of § 846 conviction; affirming § 848 conviction).

On April 24, 1997, Underwood filed a second petition under § 2255. He raised nine claims. Among them were claims that *Rutledge* required that his convictions under § 846 and § 848 be vacated and that he be resentenced. The district court transferred Underwood's motion to this court pursuant to the revisions of § 2255 contained in the Anti–Terrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (1996). Under the new "gatekeeping" requirements imposed by AEDPA, a second claim for relief under § 2255 cannot be heard in the district court until it is certified by the court of appeals to depend on "newly discovered evidence" or a retroactive "new rule of constitutional law." 28 U.S.C. § 2255.[1] By unpublished order, we denied Underwood's

---

**1.** "A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfin-

der would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255.

motion. *See Underwood v. United States,* No. 97–3592 (2d Cir. Sept. 3, 1997). Because we were concerned whether the *Rutledge* decision gave substance to his claim of double jeopardy, we stayed our denial of his petition and appointed counsel to argue the issue. *See Triestman v. United States,* 124 F.3d 361, 366 (2d Cir.1997). Using the procedure adopted in *Triestman,* we now give *sua sponte* reconsideration to our prior order.

## DISCUSSION

Underwood contends that because of *Rutledge,* he should be permitted to petition for relief under § 2255 or § 2241. He concedes, however, that he cannot satisfy the requirements for certification of a successive petition under the current version of § 2255.[2] His argument is that because he filed his first § 2255 petition prior to the enactment of AEDPA, application of the current rule to his second petition would be impermissibly retroactive. The contention is moot, however. Even if we applied the pre-AEDPA standard for successive petitions—indeed, even if Underwood's present claims were raised in a *first* § 2255 motion—Underwood's claims would fail.

■ Part of Underwood's claim simply cannot be raised on collateral review. In *Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), the Supreme Court ruled that constitutional errors will not be corrected through a writ of habeas corpus unless they have had a "substantial and injurious effect."[3] *See id.* at 623, 637–38, 113 S.Ct. 1710; *Peck v. United States,* 106 F.3d 450, 456 (2d Cir.1997) (applying *Brecht* test to § 2255 petition). To the extent Underwood complains that his § 846 conviction should not have been separately stated and "combined" with his sentence under § 848, this has not affected the terms of his imprisonment. At the time of his convictions, our

law recognized that the "combined" sentence of confinement under § 846 did not "exist ... separate[ly]" and had no "collateral consequences" on the terms of the incarceration. *Aiello,* 771 F.2d at 633, 634 n. 6. The conviction under § 846 thus could not affect the prison term under § 848, or otherwise affect his confinement, unless at some future time the sentence under § 848 were vacated. Indeed, as the Supreme Court made clear in *Rutledge,* the erroneous formulation of the sentence, when recognized on direct appeal, does not even call for vacating and reimposing the § 848 sentence. The error in the manner of expressing the lesser-included prison sentence later exposed in *Rutledge* was therefore merely cosmetic. Underwood cannot obtain relief on collateral review for an error that caused no prejudice.

■ To the extent Underwood complains about the improper special assessment, his complaint is procedurally barred even under pre-AEDPA law. Absent a fundamental miscarriage of justice, a federal prisoner who fails to raise an issue on direct appeal cannot subsequently raise the issue in a § 2255 petition unless he can show cause for his failure to raise the issue on appeal. *See Campino v. United States,* 968 F.2d 187, 190 (2d Cir.1992). Underwood did not challenge the improper double assessment in his direct appeal. Although Underwood suggests he had cause for this failure because the "legal basis for [this] claim was not reasonably available" prior to *Rutledge, see Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), this is not so. As explained above, our 1985 decision in *Aiello* said that when § 846 and § 848 convictions were "combined," we would "permit punishment" under § 846 only if the § 848 conviction were vacated. *See Aiello,* 771 F.2d at 634. The basis for objection to the double assessment was therefore apparent

---

**2.** Underwood's petition does not point to any "newly discovered evidence," and *Rutledge* does not announce a "new rule of constitutional law." The double jeopardy and separation of powers principles on which *Rutledge* ultimately rests are not new, and the statutory interpretation that *Rutledge* offers is not constitutional. *Cf. Triestman,* 124 F.3d at 371–72 (rule of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d

472 (1995), construing 18 U.S.C. § 924(c), is not "new rule of constitutional law" under § 2255).

**3.** This does not include a small category of errors that have been conclusively presumed to void a conviction. *See Arizona v. Fulminante,* 499 U.S. 279, 309–10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).

when Underwood filed his direct appeal. Because Underwood had no cause for failing to raise his claim on direct appeal, the claim is now barred.

Underwood's claims based on the special assessment are also barred, even under pre-AEDPA law, because of his failure to raise them in his first § 2255 petition. Under the "abuse of the writ" standard applicable before AEDPA, a claim not raised in a first habeas corpus petition ordinarily could not be raised in a subsequent petition without a showing of cause. *See McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Femia v. United States*, 47 F.3d 519, 523 (2d Cir.1995). For the same reasons that Underwood had no cause for failing to raise his claim based on the special assessment in his direct appeal, he also had no cause for the failure to raise it in his first § 2255 petition.

Although procedural defaults have been excused in cases in which "a fundamental miscarriage of justice would result from a failure to entertain the claim," *McCleskey*, 499 U.S. at 495, 111 S.Ct. 1454, no such miscarriage has occurred here. The Supreme Court has said that "in ... collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent." *United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Underwood was not actually innocent of the § 846 offense. Because the only improper aspect of his sentence was an unjustified assessment of $50, we need not consider whether an additional term of imprisonment or substantial fine might constitute a miscarriage of justice.

■ The same considerations that justify denial of relief under § 2255 also require that relief be denied under § 2241. This is not a case, such as *Triestman*, 124 F.3d at 380, in which denial of collateral relief could require a prisoner to serve a sentence for acts that have been ruled not to constitute criminal conduct. Indeed, as noted, the only practical consequence of the § 846 conviction was a $50 assessment.

Underwood contends that, because AEDPA could not apply to his case, the availability of relief should have been decided in the first instance by the district court rather than the Court of Appeals. Because as a matter of law, Underwood has no legal right to relief, his point is moot.

We have considered Underwood's other claims and find them to be without merit.

## CONCLUSION

Upon *sua sponte* reconsideration of our prior order of September 3, 1997, we adhere to our prior ruling denying Petitioner's motion for a certificate to file a second § 2255 motion.