Agatha PEETS, Petitioner,

v.

**UNITED STATES of America, Respondent.**

**No. 98 Civ. 9050(BDP).**
**No. S1 96 Cr. 0682(BDP).**

United States District Court, S.D. New York.

July 6, 1999.

. Agatha Peets, Danbury Federal Correctional Facility, Danbury, CT, pro se.

Cari S. Robinson, United States Attorney's Office, White Plains, NY, for U.S.

### MEMORANDUM DECISION AND ORDER

BARRINGTON D. PARKER, Jr., District Judge.

By Petition docketed October 26, 1998, Agatha Peets seeks to vacate her conviction and sentence under a multi-count indictment charging her with (1) conspiring to use inter-state commerce facilities to promote prostitution in violation of 18 U.S.C. § 371; (2) the use of inter-state facilities to promote prostitution in violation of 18 U.S.C. § 1952(a)(1) and (3); and (3) using inter-state telephone calls to threaten another in violation of 18 U.S.C. § 875(c). *See* 28 U.S.C. § 2255.

On August 14, 1997 this Court sentenced Peets to a term of 18 months incarceration to be followed by three years supervised release and a mandatory $300 special assessment. Peets appealed her conviction and sentence to the United States Courts of Appeals. On direct appeal her sole claim was that the evidence at trial was insufficient to support her conviction. The Second Circuit affirmed the conviction in a summary order dated November 9, 1998. Peets was released from incarceration on December 4, 1998.

In her Petition, Peets contends that she received ineffective assistance of counsel before and during trial. Peets lodged a number of subjective and objective objections to her counsel's performance. For example, she claims that her counsel, (1) was impolite, hostile and critical of her; (2) was not convinced of her innocence and advised her to negotiate a guilty plea or cooperate with the government in exchange for possible leniency; (3) improperly stipulated to evidence; and (4) refused to permit her to testify at her trial.

As set forth below, Peets objections, considered either singularly or in the aggregate, fail to meet the test articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as she has not shown that her counsel's performance "fell below an objective standard of reasonableness" or that there exists a "reasonable probability" that, but for counsel's errors, the outcome of the proceedings would have been different. *Id.* at 674, 684, 104 S.Ct. 2052.

 Peets, who was represented by new appellate counsel on her appeal, failed

however to raise her ineffectiveness claim on direct appeal. It is axiomatic that a § 2255 Petition cannot substitute for an appeal. *See e.g., United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Addonizio,* 442 U.S. 178, 184–85, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Consequently, "it is well settled that where petitioner does not bring a claim on direct appeal, he is barred from using the claim in a subsequent § 2255 proceeding unless he can establish both cause for the procedural default and actual prejudice resulting therefrom." *Billy–Eko v. United States,* 8 F.3d 111, 113–14 (2d Cir.1993); *see also, Reed v. Farley,* 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994).

With respect to ineffective assistance of counsel claims raised for the first time in a § 2255 proceeding, the Second Circuit has explained that:

> *Billy–Eko* established for ineffective assistance claims an exception to the normal *Campino* rule that a failure to raise a claim on direct appeal acts as a procedural bar to that claim on a subsequent § 2255 motion, absent cause and prejudice. There were two principles underlying the *Billy–Eko* decision: (1) where an accused is represented on appeal by the same attorney as at trial, it is likely ineffective assistance claims will be overlooked; and (2) resolution of ineffective assistance claims often requires consideration of matters outside the record on direct appeal.

*Douglas v. United States,* 13 F.3d 43, 47 (2d Cir.1993).

■■■■ Accordingly, the "cause and prejudice test" applies, as here, since "the defendant has new appellate counsel on direct appeal and the record is fully developed on the ineffectiveness issue." *Billy–Eko,* 8 F.3d at 115; *accord Underwood v. United States,* 15 F.3d 16, 18 n. 2 (2d Cir.1993). Under such circumstances, "there is little reason to extend the defendant an unlimited opportunity to delay in bringing the claim." *Billy–Eko,* 8 F.3d at

115. The Second Circuit's rationale for this rule is that "[i]f a claim can be brought on direct appeal, if it is viable and ripe, it should be brought without undue delay." *Id.* Simply put, "defendants should raise their claims of ineffective assistance at the earliest feasible opportunity." *Id.*

■■■■ Since the cause and prejudice standard applies here, Peets is required to show "cause for failing to raise [the claim on direct appeal] and prejudice therefrom. . . ." *McCleskey v. Zant,* 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). "Cause is something *external* to the petitioner, something that cannot be fairly attributed to him." *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (emphasis in original); *Marone v. United States,* 10 F.3d 65, 67 (2d Cir.1993) (per curiam) (same). If the petitioner cannot show cause, relief may still be available, but only upon a showing "that a fundamental miscarriage of justice would result from a failure to entertain the claim." *McCleskey,* 499 U.S. at 498–95, 111 S.Ct. 1454.

■■■■ Peets' ineffective assistance claims are procedurally barred because she was represented by new counsel on appeal, the record of her trial counsel's purported errors was fully developed below and she has documented no fundamental injustice. *See Campino,* 968 F.2d at 190.

Even if Peets' ineffectiveness of counsel claim were not procedurally barred, her Petition would still have no merit. Specifically, Peets' claims of ineffectiveness fall into the following categories. She claims that her counsel, (1) intimidated and criticized her and was not convinced of her innocence; (2) made her sign a stipulation she claims to have been inaccurate; (3) refused to allow her to testify at trial; (4) failed to call witnesses in her defense; and (5) failed to perfect an appeal to the Court of Appeals.

■ In reviewing these various claimed deficiencies, this Court is required to focus on "the fundamental fairness of the proceeding whose result is being challenged" and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional, assistance, bearing in mind that there are countless ways to provide effective assistance in any given case and that even the best defense criminal defense lawyers would not defend a particular client in the same way." *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir.1990). Thus the emphasis is not on grading counsel's performance but, "whether despite the strong presumption of liability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Aguirre*, 912 F.2d at 560. Moreover, even if Peets were somehow able to show that counsel's performance was insufficient, *Strickland* still requires a showing of a "reasonable probability that, for counsel's professional errors, the results of the proceeding would have been different." *Strickland*, 466 U.S. at 693–94, 104 S.Ct. 2052; *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir.1994). Here, Peets has made no showing either that the adversarial system was compromised or that, but for the alleged unprofessional errors, the result would have been different.

■ Peets' first claim of ineffectiveness is that her trial counsel was congenitally impolite, critical of her demeanor and dress, did not believe in her innocence, improperly advised her to plead guilty and did not permit her to confer with counsel during the cross-examination of the government's witnesses. These interpersonal differences, however, have not been demonstrated by Peets to have effected the level of professional assistance she received.

■ The substance of Peets' second contention is that her counsel was constitutionally ineffective in urging her to sign a stipulation to the effect that between April 1992 and June 1996 she called herself and her escort service by several different names and used various addresses and phone numbers to operate her business. Counsel's decision to permit the government to adduce this information by stipulation as opposed to extended live testimony was a decision well within the constitutional boundaries of competence. Drawing out this proof through various witnesses and documents may well have proved more damaging to Peets than simply stipulating to the pertinent facts. In any event, the contemplated proof was clearly admissible and could have been proved by the government through other means. Consequently, her counsel's decision to sign the stipulation and to advise Peets to sign it did not constitute ineffective assistance.

Next, Peets complains that she was not permitted to testify at trial. This assertion is unambiguously belied by the record. Peets' counsel, apparently concerned at the possibility of perjury, initiated a colloquy between the Court and Peets over her right to testify. Peets was fully informed of her option to testify and her right not to do so and clearly chose not take the stand. (Tr. at 611–612).

■ Next, Peets claims that her counsel failed to call witnesses whom she wanted to testify in her behalf. This claim is completely unsubstantiated and Peets' submission provides no clue as to which witnesses she sought to call, or whether there existed any material evidence these unidentified witnesses could have offered in her defense. Counsel's decision as to which, if any, witnesses to call was a strategic decision that may not, under the circumstances presented here, be second guessed. *United States v. O'Neil*, 118 F.3d 65, 73 (2d Cir.1997); *United States v. Eisen*, 974 F.2d 246, 265 (2d Cir.1992).

Peets' final claim is that her trial counsel did not appeal on her behalf. This contention is simply wrong. Counsel filed a timely notice of appeal on August 21, 1997 and the appeal was resolved. In short,

none of these matters indicate professional conduct falling below the relevant standard. The evidence against Peets was substantial and she has made no showing that, even assuming unprofessional errors, but for those errors, the result in these proceedings would have been different.

### CONCLUSION

For the reasons set forth herein, and in the government's memorandum filed February 23, 1999, the Petition, in all respects, is denied. The Clerk shall file a final judgment dismissing the Petition. This Court determines that, since appeal from the dismissal from the Petition would be meritless, the Court would decline to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(1). Nor would this Court grant *in forma pauperis* status. See 28 U.S.C. § 1915.

**SO ORDERED.**