Anastasio Pineda OGANDO,
Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 00–2599.

United States Court of Appeals,
Second Circuit.

May 17, 2001.

Daniel Nobel, New York, NY, for appellant.

Brian D. Coad, Assistant United States Attorney for the Southern District of New York; Mary Jo White, United States Attorney; Celeste L. Koeleveld, Assistant United States Attorney, on the brief, New York, NY, for appellee.

Present OAKES, WINTER, and STRAUB, Circuit Judges.

SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment of the District Court is hereby AFFIRMED.

Petitioner–Appellant Anastasio Pineda Ogando ("Ogando") appeals from a September 21, 2000 order of the United States District Court for the Southern District of New York (John S. Martin, Jr., *Judge* ) denying his petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In May 1991, Ogando was convicted of, *inter alia*, conspiracy to distribute and possess with intent to distribute over five kilograms of cocaine, in violation

of 21 U.S.C. § 846, and operating a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848(a). Ogando was sentenced to concurrent 363 month terms of imprisonment on both the § 846 and the § 848(a) convictions. Ogando filed a § 2255 motion in March 1997. This motion was based on the argument that in light of *Rutledge v. United States,* 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996), Ogando's convictions for both the narcotics conspiracy and the CCE cannot stand, because the narcotics conspiracy is a lesser included offense of the CCE count. Ogando argued that his conspiracy count should be vacated and that he should be resentenced on the CCE count.

While *Rutledge* does hold that separate punishments may not be imposed on both a § 846 and a § 848 count, Ogando's claim is foreclosed by our decision in *Underwood v. United States,* 166 F.3d 84 (2d Cir.1999), in which we held that relief under *Rutledge* cannot be obtained on collateral review where the issue was not raised on direct appeal and the error did not have a "substantial and injurious effect." *Id.* at 87 (internal quotation marks omitted). In *Underwood,* we found such "substantial and injurious effect" lacking because the double penalty imposed on the defendant consisted solely of separate $50 special assessments on the conspiracy and CCE counts, and thus did not affect the term of his imprisonment. *See id.*

Ogando argues that his case is distinguishable from *Underwood* because he can show "substantial and injurious effect" based on the fact that he would receive a sentence reduction if his conspiracy conviction is vacated. Under the 1988 version of the United States Sentencing Guidelines applicable to Ogando's sentencing, Ogando's CCE conviction carried an offense level (36) that was two levels lower than the offense level applicable to his conspiracy conviction (38). An essential premise of Ogando's argument is that his conspiracy conviction—the lesser included offense— must be vacated, as opposed to his CCE conviction. This premise, however, is flawed. *Rutledge,* the reasoning of which is grounded in double jeopardy jurisprudence, requires only that *either* the CCE conviction *or* the conspiracy conviction be vacated. *See* 517 U.S. at 307, 116 S.Ct. 1241 (concluding that *"[o]ne* of [petitioner's] convictions, as well as its concurrent sentence" must be vacated (emphasis added) (internal quotation marks omitted)). We have indicated that a district court has discretion regarding which count to dismiss. *See United States v. Rosario,* 111 F.3d 293, 301 (2d Cir.) ("*Rutledge* requires that only one of [the defendant's] convictions be vacated ...."), *cert. denied,* 522 U.S. 923, 118 S.Ct. 319, 139 L.Ed.2d 246 (1997); *id.* ("*Regardless* of which conviction is vacated ...." (emphasis added)). *See also Lanier v. United States,* 220 F.3d 833, 841 (7th Cir.) ("[W]hen the presumption against double punishment requires invalidation of the conviction for either the greater or lesser offense, the choice of which conviction to vacate rests with the sound discretion of the district court."), *cert. denied,* 531 U.S. 930, 121 S.Ct. 312, 148 L.Ed.2d 250 (2000); *United States v. Chambers,* 944 F.2d 1253, 1269 (6th Cir. 1991) (district court has discretion to vacate either conspiracy or CCE count on remand), *cert. denied,* 502 U.S. 1112, 112 S.Ct. 1217, 117 L.Ed.2d 455 (1992). Thus, the District Court could have vacated Ogando's CCE conviction rather than his conspiracy conviction, thereby providing Ogando with no sentence reduction. Accordingly, we cannot conclude that a "substantial and injurious effect" necessarily resulted.

We have considered appellant's remaining arguments and find them to be without

merit. Accordingly, we AFFIRM the order of the District Court.