**Shannon JIMENEZ, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 00–2597.**

United States Court of Appeals, Second Circuit.

Dec. 20, 2001.

Tracy W. Young, Office of Joyce C. London, New York, NY, for Appellant.

Jo Ann M. Navickas, Assistant United States Attorney; Peter M. Norling, Assistant United States Attorney, of counsel, Alan Vinegrad, United States Attorney, on the brief, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present LEVAL, CABRANES and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and is **AFFIRMED**.

I

In 1995, Shannon Jimenez was convicted in the Eastern District of New York of conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture containing cocaine base for his participation in the activities of a drug gang known as the "Supreme Team." Drug quantity was not expressly recited in the text of the indictment, nor was it submitted to the jury. In sentencing proceedings, Judge Dearie found that "while [Jimenez] was an active member of [the Supreme Team, it was] responsible for a distribution of at least one and a half kilograms of crack." Judge Dearie did not, however, make any explicit findings as to the scope of Jimenez's conspiratorial agreement. Jimenez was sentenced to, among other things, imprisonment for thirty years.

Jimenez's conviction and sentence were upheld on direct appeal, in which neither the issue of the District Court's failure to make explicit findings as to the scope of Jimenez's conspiratorial agreement nor the District Court's failure to submit drug quantity to the jury was raised. *See United States v. Miller,* 116 F.3d 641, 685 (2d Cir.1997).

In May 1999, Jimenez filed a § 2255 petition, raising, among other things, the issue of the District Court's failure to make explicit findings as to the scope of Jimenez's conspiratorial agreement. The District Court denied the petition in its entirety in an Order dated July 28, 2000. (GA 27–28) On September 19, 2000, Jimenez filed a motion for reconsideration and to amend his 2255 petition, raising an *Apprendi* claim for the first time (*Apprendi* having been decided by the Supreme Court on June 26, 2000). (A 62–68) On September 25, 2000, Jimenez filed a notice of appeal from the order denying his original petition.

Jimenez was granted a certificate of appealability by this Court on February 5, 2001, limited to the following question: "Whether the District Court improperly failed to make specific factual findings on the amount of drugs attributable to each defendant, and whether this failure implicates any concerns under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)?" *Jimenez v. United States of America,* No. 00–2597 (2d Cir. Feb. 5, 2001) **(JMW, JLO, FIP) (A.1)** The District Court subsequently acted on Jimenez's still-pending motion for reconsideration and to amend the petition, ordering on September 4, 2001, that it be treated as a successive § 2255 petition. *See Jimenez v. United States,* No. 99 CV. 3107, slip. op. at 1 (Sept. 4, 2001) ("Petitioner's motion for reconsideration raises a new claim that was not presented in his original petition and, as such, is in fact a second petition for federal *habeas corpus* relief."). Jimenez took no appeal from that order.

## II

### A.

■  On appeal, Jimenez argues that his sentence should be vacated because (1) the District Court failed to make explicit findings as to the scope of Jimenez's conspiratorial agreement; and (2) because drug quantity was not pleaded in the indictment and not proven to a jury beyond a reasonable doubt, requiring, under *Apprendi,* that he be sentenced to no greater than 20 years imprisonment (the maximum sentence for an indeterminate amount of cocaine base). Although the latter argument is beyond the scope of the certificate of appealability, Jimenez contends that the error is "jurisdictional" within the holding of *United States v. Tran,* 234 F.3d 798, 806–07 (2000).

In an *en banc* decision, we have recently overruled *Tran,* and have held that "a defendant's claim that he was sentenced for a crime not fully alleged in the indictment in that the allegations in the indictment charged a lesser-included offense of the crime for which the sentence was imposed is a claim of error that is subject to plain error review pursuant to Fed. R.Crim.P. 52(b) when asserted for the first time on appeal." *United States v. Thomas,* 274 F.3d 655, 666 (2d Cir.2001) (*en banc*). Accordingly, Jimenez's *Apprendi* claim relating to the Government's failure to allege drug quantity in the indictment and prove drug quantity to a jury beyond a reasonable doubt does not raise a "jurisdictional" issue. In other circumstances, it might be appropriate to expand the certificate of appealability to include a potentially meritorious claim. In this case, however, the *Apprendi* claim asserted in Jimenez's briefs was not part of the petition that Judge Dearie denied in his order of July 28, 2000—the order from which this appeal was taken. Instead, it was contained in the "motion for reconsideration," which Judge Dearie held was a successive § 2255 petition in an order dated September 4, 2001—an order from which Jimenez did not take an appeal. Accordingly, it would be inappropriate for us to decide Jimenez's *Apprendi* claim relating to the Government's failure to allege drug quantity in the indictment and prove drug quantity to a jury beyond a reasonable doubt in this case.

### B.

■  We now turn to the issues that are encompassed in the certificate of appealability: (1) "Whether the District Court improperly failed to make specific factual findings on the amount of drugs attributable to each defendant"; and (2) "whether this failure implicates any concerns under

*Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)."

#### 1.

Jimenez did not advance the argument that the District Court improperly failed to make specific factual findings on the amount of drugs attributable to him on his direct appeal. Accordingly, it is procedurally defaulted, and cannot form the basis for § 2255 relief unless Jimenez shows "cause" for the default and prejudice resulting from it. *See, e.g., Campino v. United States,* 968 F.2d 187, 190–91 (2d Cir.1992); *Underwood v. United States,* 166 F.3d 84, 87 (2d Cir.1999). Jimenez cannot show "cause" here: *United States v. Hernandez–Santiago,* 92 F.3d 97, 100 (2d Cir.1996), upon which Jimenez now relies, was decided before his direct appeal was argued, and *United States v. Studley,* 47 F.3d 569, 574 (2d Cir.1995), which articulated the rule we applied in *Hernandez–Santiago,* was decided before the appeal was filed. Moreover, Jimenez's trial counsel had placed the amount of drugs attributed to him at issue before the District Court. *Cf. Campino,* 968 F.2d at 191 (no cause where defendant knew of claim at the time of appeal); *Underwood,* 166 F.3d at 87–88 (no cause where the basis for the objection was apparent at the time the appeal was filed).

#### 2.

*Apprendi* and its progeny do not address the failure of a District Court to make sufficient factual findings. Rather, they address the sufficiency of the notice given to the defendant of the applicable penalties for the criminal conduct the government seeks to prove, the identity of the factfinder, and, by necessary implication, the standard of proof required before certain criminal sentences can be imposed. Accordingly, *Apprendi* is not implicated by the District Court's failure to make findings regarding the amount of drugs attributable to Jimenez.

#### III

For the reasons discussed above, the judgment of the District Court is affirmed.