Kwok Ching YU, Petitioner–Appellant,

v.

**UNITED STATES of America,
Respondent–Appellee.**

**Docket No. 02–2084.**

United States Court of Appeals,
Second Circuit.

Dec. 16, 2002.

Linda S. Sheffield, Atlanta, GA, for Appellant.

David C. Esseks, Assistant United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: F.I. PARKER, STRAUB, and RAGGI, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 16th day of December, Two Thousand and Two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Petitioner-appellant Kwok Ching Yu, appeals from the January 28, 2002 opinion of the United States District Court for the Southern District of New York denying Yu's petition pursuant to 28 U.S.C. § 2241, to vacate his 1992 conviction for engaging in a continuing criminal enterprise ("CCE"). On appeal, Yu argues that under retroactive application of *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), his convic-

333

tion of a CCE was flawed because the jury was not instructed that it had to unanimously agree on the series of violations constituting the CCE in order to find Yu guilty. Because Yu has unsuccessfully attempted to petition this claim under 28 U.S.C. § 2255, and because he is challenging the imposition of his sentence, his appeal also inherently argues that a failure to allow collateral review of this issue would raise serious constitutional issues.

"We review a district court's denial of a habeas petition de novo." *Santana–Madera v. United States,* 260 F.3d 133, 138 (2d Cir.2001). This court has indeed found that *Richardson* applies retroactively, *see Santana–Madera v. United States,* 260 F.3d 133 (2d Cir.2001), but we can not consider the merits of Yu's § 2241 petition unless we find that § 2255 was inadequate or ineffective for obtaining collateral review of the issue he seeks to appeal, and that "failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States,* 124 F.3d 361, 377 (2d Cir.1997). Additionally, as we said in *Underwood v. United States,* 166 F.3d 84 (2d Cir.1999), "[a]lthough procedural defaults have been excused in cases in which a fundamental miscarriage of justice would result from a failure to entertain the claim," when there is no such threat of miscarriage, the petition may be denied and use of § 2241 withheld. *Id.* at 88 (quotations and citations omitted) (holding that despite an intervening Supreme Court case, the court would not allow defendant to petition under either section due to lack of actual innocence and procedural default). In the context of collateral-review jurisprudence, the Supreme Court has said that "the term 'miscarriage of justice' means that the defendant is actually innocent." *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

Here, Yu raised this exact claim of improper jury instructions in his § 2255 habeas petition in 1997, and the claim was rejected as procedurally barred because he had failed to raise it on direct appeal. *Yu v. United States,* 1998 U.S. Dist. LEXIS 4506, 1998 WL 160964 (S.D.N.Y. Apr. 7, 1998). As we have said in *Triestman,* access to § 2241 is not preserved simply because of a substantive or procedural bar to § 2255. 124 F.3d at 376. In this case, Yu was convicted of several offenses relating to heroin importation and distribution, a majority of which have not been vacated, and are sufficient to justify a CCE. Therefore, despite *Richardson,* Yu has failed to establish the necessary actual innocence to qualify for the savings clause of § 2255 and allow a petition under § 2241.

The judgment of the district court is AFFIRMED.