**William R. UNDERWOOD, Appellant**

v.

**Warden Karen G. HOGSTEN; Warden Janine M. Donate.**

No. 07–2893.

United States Court of Appeals,
Third Circuit.

Submitted For Possible Summary Action
Under Third Circuit LAR 27.4 and
I.O.P. 10.6 Sept. 27, 2007.

Filed: Oct. 17, 2007.

William R. Underwood, White Deer, PA, pro se.

G. Michael Thiel, Office of United States Attorney, Scranton, PA, for Karen G. Hogsten and Janine M. Donate.

Before: BARRY, AMBRO and FISHER, Circuit Judges.

OPINION

PER CURIAM.

William R. Underwood appeals the District Court's dismissal of a habeas corpus petition he filed pursuant to 28 U.S.C. § 2241. For the reasons set forth below we will affirm.

In 1991 Underwood was convicted by the United States District Court for the Southern District of New York of conducting or participating in a racketeering enterprise, a racketeering conspiracy, a narcotics conspiracy, and a continuing criminal enterprise (CCE); he is serving a life sentence. After the Second Circuit Court of Appeals affirmed his conviction and sentence, *United States v. Underwood*, 932 F.2d 1049 (2d Cir.1991), Underwood filed a motion pursuant to 28 U.S.C.

§ 2255 challenging his sentence. The District Court denied the motion and the Second Circuit Court of Appeals once again affirmed. *Underwood v. United States,* 15 F.3d 16 (2d Cir.1993). In 1997 Underwood sought authorization to file another § 2255 motion, but his application was denied. *Underwood v. United States,* 166 F.3d 84, 85 (2d Cir.1999).

In 2007 Underwood sought relief via § 2241 instead, filing a habeas corpus petition challenging his sentence under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Cunningham v. California,* — U.S. ——, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), and challenging his CCE conviction and sentence under *Richardson v. United States,* 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). The Magistrate Judge recommended dismissal of Underwood's petition because his arguments belong in a § 2255 motion and cannot be brought under § 2241 because Underwood has not shown that the "safety valve" language ("inadequate or ineffective") of § 2255 applies to his case: he is not "a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997). Underwood filed objections, but the District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the petition. This appeal followed.[1]

We agree with the District Court. As we have explained, the "safety valve" provision of § 2255 does not permit a prisoner to resort to § 2241 instead of § 2255 unless an intervening change in the law "potentially made the crime for which the petitioner was convicted non-criminal." *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002). None of the cases on which Underwood relies affects the criminality of the actions underlying his convictions. *Blakely, Booker* and *Cunningham* obviously do not because they address sentencing concerns only. But neither does *Richardson.* There the Court merely held that the jury in a CCE case must unanimously agree not only that the defendant committed some "continuing series of violations" but also that he committed each of the individual violations necessary to make up that "continuing series." The holding has no bearing on whether Underwood's actions[2] violated the CCE statute; "he cannot advance a non-frivolous claim that, after *Richardson,* he is actually innocent of conducting a criminal enterprise." *Kramer v. Olson,* 347 F.3d 214, 219 (7th Cir. 2003).

In short, the appeal does not present a substantial issue. Accordingly, we will summarily affirm the judgment of the District Court.

---

1. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's judgment *de novo. Okereke v. United States,* 307 F.3d 117 (3d Cir.2002).

2. As the Second Circuit Court of Appeals explained on direct appeal:

    The government's evidence at trial showed that from the 1970's until his arrest in late 1988, Underwood supervised and con-

    trolled an extensive and extremely violent narcotics trafficking operation involving a number of murders and conspiracies to murder, a highly organized network for the street-level distribution of heroin and the importation of large quantities of heroin from Europe to the United States.

    *United States v. Underwood,* 932 F.2d 1049, 1051 (2d Cir.1991).